## SUPREME COURT.

### WALTER CARSWELL agt. JULIAN NEVILLE.

If a non-resident defendant, within one year from the entry of judgment, is al-
lowed to come in and defend, that fact of itself does not open the judgment,
nor stay proceedings upon the execution.

But a third person asking to come in and defend or contest the plaintiff's claim,
must do so *before judgment.*

*New-York Special Term, Dec, 1854.*

> MR. MAN, *for motion.*
> H. C. VAN VORST, *opposed.*

MORRIS, Justice. In this case Mr. Man presented to me two
petitions, one of them signed by Mr. Man as the attorney for
the defendant in this suit; and the other as the attorney for
Greenbury Dorsey, an attaching plaintiff in another suit against
the defendant in this suit.

These petitions ask for an order directing the plaintiff to
show cause why Neville, the defendant, should not be let in to
defend this suit; and for an order compelling the plaintiff to
make Greenbury Dorsey a defendant in this suit, to enable him
to litigate plaintiff's claim against Neville in this suit, and his
lien upon the property attached by him.

Neville being a non-resident, and the judgment not having
been perfected against him for more than a year, the Code per-
mits him to come in and defend, upon presenting a proper case.
If he should be let in to defend, that fact does not of itself open
the judgment or stay proceedings upon the execution. I have,
therefore, on Neville's application, granted the order to show
cause.

Should Dorsey be made defendant, it would open the judg-
ment and stay proceedings upon it. He is too late for such a

favor. The case in 3d *Code Reporter*, 172, relied upon by Dorsey's counsel, is where the application was made before judgment. In this case, Dorsey attached as early as February, 1853, and the plaintiff in this suit recovered judgment in August, 1854.

I refuse Dorsey's application.