Parker v. Courtnay.

CHARLES M. PARKER, APPELLANT, V. MARTHA I. COURTNAY, APPELLEE.

[FILED JANUARY 28, 1890.]

1. **Decree:** BONA FIDE PURCHASERS UNDER: APPEAL: REVER-SAL. Where a district court enters a decree quieting the title to real estate in a party to the action, and such party sells and conveys it to an innocent third person for a valuable consideration, and afterwards, the decree, not having been superseded by bond, is reversed in the appellate court, such purchaser will not be affected by the reversal.

2. ———. The decree of the lower court, *held*, to be contrary to the findings.

APPEAL from the district court for Lancaster county. Heard below before FIELD, J.

*C. M. Parker*, and *Lamb, Ricketts & Wilson*, for appellant:

*Bona fide* purchasers at a sale under the authority of a judgment not suspended by stay of proceedings, acquire rights which no subsequent reversal can impair. (Freeman, Judgments, secs. 481–4; Code, secs. 82, 588, 677; *Mc-Ausland v. Pundt*, 1 Neb., 211; *Scudder v. Sargent*, 15 Id., 102; *Watson v. Ulbrich*, 18 Id., 186; *McJilton v. Love*, 13 Ill., 486; *Goudy v. Hall*, 36 Id., 313; *Fergus v. Woodworth*, 44 Id., 374; *Feaster v. Fleming*, 56 Id., 457; *Hobsin v. Ewan*, 62 Id., 146; *Gossom v. Donaldson*, 18 B. Mon. [Ky.], 230; *Pellersells v. Allen*, 56 Ia., 717; *Thomas v. Nicklas*, 58 Id., 49; *Gott v. Powell*, 41 Mo., 416; *Vogler v. Montgomery*, 54 Id., 577; *Shultz v. Sanders*, 38 N. J. Eq., 154; *Sutton v. Schonwald*, 86 N. Car., 198; *Gibson v. Winslow*, 38 Pa. St., 49; *Jesup v. Bank*, 15 Wis., 604*; *Phillips v. Benson*, 5 South. Rep., 78; *Taylor v. Boyd*, 3 Ohio, 353; *Voorhees v. Bank*, 10 Pet. [U. S.], 1.)

The citations of appellee, as to the difference between appeal and error, are not applicable under the Code practice. (Green & Dassler, Pr. & Pl., secs. 1144, 1145; *Arnold v. Baker*, 6 Neb., 134; *Welton v. Beltezore*, 17 Id., 309; *Smith v. Gibson*, 25 Id., 511.)

*O. P. Mason*, and *D. G. Courtnay*, for appellee:

An appeal is the removal, for review and retrial, of a cause from an inferior to superior court. (*Wiscart v. D'Auchy*, 3 Dall. [U. S.], 321; *U. S. v. Goodwin*, 7 Cranch [U. S.], 110; *Boone v. Chiles*, 10 Pet. [U. S.], 205; *Wetherbee v. Johnson*, 14 Mass., 414; *King v. Sloan*, 1 S. & R. [Pa.], 78; *Moore v. Wait*, 1 Binn. [Pa.], 219; *Owen v. Shelhamer*, 3 Id., 48.) Appeal is of civil law origin, and by it both the law and the facts are reviewed, and the whole case tried *de novo;* error is a common law proceeding to review matters of law only. (*U. S. v. Goodwin, supra.*) An appeal generally so far annuls the judgment below that no action can be taken upon it until final decision. (*Archer v. Hart*, 5 Fla., 234; *Danforth v. Carter*, 4 Ia., 230; *Redfield v. Utica & S. R. Co.*, 26 Barb. [N. Y.], 55; *Waterman v. Raymond*, 5 Wis., 185.) As the record of evidence is not before the court the case cannot be reviewed, on error or appeal. The president of the Lancaster County Bank, which was the purchaser in this case, was also attorney for the party against whom the decree was rendered, as well as for appellant, and had actual knowledge of the claims and liens of appellee, and the doctrine of *lis pendens* applies.

NORVAL, J.

This is an appeal from a decree rendered by the district court of Lancaster county dismissing appellant's bill. The suit was brought to quiet the title in the plaintiff to lot three (3), in block ten (10), Lavender's addition to Lincoln.

The findings of the court establish the following facts : That in an action pending in the district court of Lancaster county, wherein Martha I. Courtnay was plaintiff, and Casper B. Parker and Almira Parker, his wife, were defendants, a decree was rendered April 9, 1885, by said court finding that the said Martha I. Courtnay had a lien for the sum of $76.85 on said lot three (3), in block ten (10), in Lavender's addition to Lincoln, and the defendants therein having paid said sum to the clerk of said court for the use of said Courtnay, said lien was by said decree canceled, and the title to said premises was quieted in said Casper B. Parker.  Courtnay appealed from this decree to the supreme court, but did not file any supersedeas bond.  While said cause was pending in the supreme court, the Lancaster County Bank, for a valuable consideration, purchased said premises from the said Casper B. Parker and wife, and afterwards the plaintiff herein, Charles M. Parker, in good faith, for a valuable consideration, purchased said premises from the said bank, and that plaintiff is the present owner of said premises.  After the making of said conveyances said cause was reversed by the supreme court, and is now pending in said district court.

The appellee contends that the decree should be affirmed, because the evidence taken in the case in the court below has not been preserved and brought before us.  If the appellant was here contending that the findings of the trial court are not supported by the evidence, the position of appellee would be well taken, for the presumption is that the findings are based upon sufficient evidence.  Appellant does not claim that the findings are contrary to the evidence, but that the decree is contrary to the findings.  In other words, that under the findings, the decree of the lower court should have been for the appellant.

There is but one question for the determination in this case, and that is this: Did the reversal of the decree quiet-

ing the title in Casper B. Parker affect the plaintiff's title to said premises, he having purchased the lot for a valuable consideration and in good faith while the decree was in full force, there having been no supersedeas bond filed?

Section 677 of the Code provides that: "*No appeal in any case in equity,* now pending and undetermined or which shall hereafter be brought, *shall operate as supersedeas* unless the *appellant or appellants shall within twenty days after the rendition of such judgment or decree, or the making of such final order, execute to the adverse party a bond with one or more sureties,* as follows," etc. The provision of section 588 of the Code in respect to supersedeas bond, where a reversal is sought by a proceeding in error, is quite similar to the one above quoted.

It is evident that where no supersedeas bond is filed, the decree remains in full force, and that when a third party purchases property at a judicial sale, or in reliance upon the decree then in force, his rights cannot be divested by a subsequent reversal of the decree.

The case of *Lessee of Taylor v. Boyd,* 3 Ohio, 353, is so much like the one at bar that we quote the following from the opinion in that case: " But the most difficult and important point in the case is as to the effect the reversal is to have upon the rights of third persons legitimately and innocently acquired. After the time limited in the decree itself had transpired, and the decree became an absolute title, the party thus invested with title, and in possession of the land, sold and conveyed it to a third person, who stands before the court as an innocent purchaser for a valuable consideration without notice. Can his rights be divested by a reversal of the decree upon which his title was originally found? We are of the opinion that they cannot be so divested. When James Boyd conveyed to Abraham Boyd, he had a complete title, which it was competent for him to transmit by conveyance in the usual mode. In making this conveyance, he divested himself of title, and

invested it in Abraham Boyd, the defendant, who reported himself upon the solemn and final decree of a court of competent jurisdiction, then in full force and of unquestionable validity."

The title to the property was quieted in Casper B. Parker by the decree of the court, he having sold the property for a valuable consideration, to a good faith purchaser, no appeal bond being filed; there can be no doubt upon principle as well as the adjudicated cases, that such purchase is not affected by the subsequent reversal of the decree. (*Voorhees v. Bank*, 10 Peters, 475; *Shultz v. Sanders*, 38 N. J. Eq., 154; *Jesup v. Bank*, 15 Wis., *604; *Feaster v. Fleming*, 56 Ill., 457; *Phillips v. Benson*, 5 Southern Rep. [Ala.], 78.)

We think the principle here involved has already been determined by this court, adversely to the appellee Courtnay, in the case of *McAusland v. Pundt*, 1 Neb., 211. The following is the fourth paragraph of the syllabus in that case: "If a party who has recovered a judgment or decree becomes the purchaser of property thereunder, and conveys the same to a third party, and afterwards the judgment and decree, not having been superseded by bond, is reversed in the appellate court, such grantee will retain the property notwithstanding the reversal."

The lower court having held that the plaintiff herein was affected by the pendency of the appeal in the supreme court and the subsequent reversal of the case, it follows that the decree of the district court must be reversed, and a decree will be entered in this court quieting the title to said premises in the appellant.

JUDGMENT ACCORDINGLY.

THE other judges concur.