## RECTOR v. FITZGERALD.

### (Circuit Court of Appeals, Eighth Circuit. January 29, 1894.)

### No. 287.

LIS PENDENS—BILL OF REVIEW—TIME OF FILING.

A final decree dismissing a bill of complaint filed by R. was entered on May 2, 1881, and an appeal from such decree was dismissed for failure to prosecute it on December 6, 1881. On February 29, 1884, F. took a mortgage on lands affected by the litigation, from the grantee of the defendant who had prevailed in said suit. On April 29, 1884, R. filed a bill of review against F. and his grantor to reverse the decree dismissing the bill of complaint for error appearing on the record. *Held:* (1) That as F. was a purchaser in good faith after the lapse of the term at which a final decree in favor of his grantor had been rendered, his title could not be affected by a decree rendered on a bill of review subsequently filed; (2) that a bill of review will not be regarded as a continuation of the original suit so as to affect with notice a person purchasing the property in controversy in good faith from the successful party, after a final decree, and without notice that a bill of review is intended to be filed; (3) that, unless special reasons exist to excuse delay, a bill of review must be filed within the time limited by law for taking an appeal, and, as the bill of review filed by R. was not exhibited until after the time allowed by section 1008, Rev. St., for taking an appeal, it could in no event be entertained in the present case as against F.

Appeal from the Circuit Court of the United States for the Eastern District of Arkansas. Affirmed.

U. M. Rose, W. E. Hemingway, and G. B. Rose, for appellant.

Sam. W. Williams, for appellee.

Before SANBORN, Circuit Judge, and THAYER, District Judge.

THAYER, District Judge.. This case comes before us on appeal from the decree of the circuit court of the United States for the eastern district of Arkansas dismissing a bill of review, so termed. The chief question to be considered is one of lis pendens, and the controlling facts on which the decision depends are as follows: Prior to December 16, 1880, there were pending in the United States circuit court for the eastern district of Arkansas, on the chancery docket, nine distinct and independent suits by Henry M. Rector, the present appellant, against several different defendants, in which suits Rector sought to enforce an alleged equitable title to certain lands situated in the city of Hot Springs, Ark., which were at the time held and occupied in severalty by the last-mentioned defendants. One of these suits was entitled Henry M. Rector v. E. Q. Gibbon et al.; another was entitled Henry M. Rector v. Thaddeus Taylor and William Gray. On December 16, 1880, the following stipulation, signed by counsel for the respective parties, was filed and spread of record in each of said cases.

"It is hereby stipulated and agreed that the answer shall be withdrawn in the case of H. M. Rector v. E. Q. Gibbon et al., and a demurrer shall be interposed, raising the question of the sufficiency of the bill upon the ground of jurisdiction, and to the finality of the decision of the Hot Springs commissioners, which shall be argued at the next April term with like effect as though filed and argued on the proper rule day, and affidavit and certificate to the demurrer is waived. And it is further agreed that the cases of Rector v. West Steele et al., Rector v. Henry P. Smith et al., Rector v. Henry Smith, Rector v. Lipscomb, Rector v. J. W. Parker et al., Rector v. Elihu Smith, Rector v. T. W. Beattie, and Rector v. Thad. Taylor, and other cases pending in this court involving the same question, shall await and abide the decision on the said demurrer; and if said demurrer is sustained, the same entry shall be made in each of said causes, and demurrer to be formally entered after such decision; and if said demurrer shall be overruled, the parties shall have time to take depositions with like effect as though their answers had been filed and depositions taken under regular rules."

At the April term, 1881, the demurrer which had been filed, pursuant to the above stipulation, in the case of E. Q. Gibbon et al., was sustained by the circuit court, and a final decree was entered dismissing the bill, from which decree an appeal was prosecuted to the supreme court of the United States. The decision on that appeal, reversing the decree of the circuit court, was rendered on March 19, 1884. Vide 111 U. S. 276, 4 Sup. Ct. 605. At the April term of the circuit court, and on May 2, 1881, the circuit court also entered an order sustaining a demurrer to the bill in the suit of Rector v. Taylor and Gray, and at the same time granted a decree dismissing the bill in that case. Afterwards Rector filed a motion to vacate the last-mentioned decree, on the ground that it had been entered prematurely, in violation of the foregoing stipulation, but the court denied the motion on October 22, 1881. From the last-mentioned decree, dismissing the bill of complaint

against Taylor et al., an appeal appears to have been allowed to the supreme court of the United States; but the same was not prosecuted diligently, and the appeal was dismissed by the supreme court on December 6, 1881. The land to which the litigation related was conveyed by Taylor and wife to Orlando A. Hobson on August 9, 1881, and on February 29, 1884, Hobson and wife executed a trust deed in the nature of a mortgage on the same property, to secure a loan of $5,000 made to Hobson by Edward Fitzgerald, the present appellee. At a foreclosure sale under said deed of trust or mortgage, Fitzgerald became the purchaser of the premises on March 4, 1887, and received a deed for the premises in due form. After the announcement of the decision of the supreme court in the case of Rector v. Gibbon, 111 U. S. 276, 4 Sup. Ct. 605, and on April 29, 1884, a bill, which on its face professed to be an "original bill in the nature of a bill of review," was filed by Rector against Taylor, Gray, and Hobson. This was followed by a bill of revivor, filed on January 20, 1887, to bring in the heirs of Hobson, who had died in the mean time. On March 6, 1888, a supplemental bill was filed by Rector to make Fitzgerald a party to the litigation. The bill of review and supplemental bill, last referred to, contained substantially the same allegations that are found in the original bill of complaint against Taylor and Gray, and the same prayer for relief. They also contained a brief statement of the terms of the stipulation that had been spread of record in the case on December 16, 1880; but the so-called bill of review did not refer to the decree that had been entered on May 2, 1881, dismissing the original bill of complaint, neither did it nor the supplemental bill contain any prayer that that decree might be reviewed and reversed.

In his answer to the several pleadings above mentioned, Fitzgerald, the appellee, based his defense to the relief sought on the ground that the alleged bill of review was not filed within the time limited by law and the rules of procedure in equity for filing such a bill; also on the ground that, at the inception of his title, on February 29, 1884, there was no pending suit which could affect him with constructive notice of Rector's alleged equity, and that, in any event, he was a purchaser for value in good faith under circumstances which would have satisfied any prudent person that the litigation affecting the property in question had been finally terminated. It is a familiar rule of law that a stranger who purchases property at a judicial sale under a judgment or decree that is erroneous or voidable, but not absolutely void, will be protected in his purchase, even if the judgment or decree is subsequently reversed on appeal or writ of error. Gray v. Brignardello, 1 Wall. 627, 634; Voorhees v. Bank, 10 Pet. 449, 469; Gilman v. Hamilton, 16 Ill. 225, 232, and citations; Clarey v. Marshall's Heirs, 4 Dana, 96, 99. But the same protection which is afforded to a stranger to the record, who purchases property at a judicial sale under an erroneous judgment or decree, will not be extended under all circumstances to a person who purchases property that is in litigation from a party to the litigation, even though he purchases after a

final judgment or decree has been rendered at nisi prius in favor of the vendor. If the purchase is made after the rendition of a judgment in favor of the vendor, but within the time limited by law for an appeal or writ of error, it seems to be a debatable question how far the purchaser is affected by subsequent proceedings in the case, if an appeal or writ of error is prosecuted with effect by the losing party. In some, and in perhaps the majority, of the states it is held that one who thus purchases after a final judgment or decree at nisi prius, before a writ of error has been served, and without notice that such a writ of error has been or will be sued out, will not be affected by a subsequent reversal of the judgment or decree on writ of error. Taylor v. Boyd, 3 Ohio, 337, 352; Eldridge v. Walker, 80 Ill. 270; Macklin v. Allenberg, 100 Mo. 337, 13 S. W. 350; Pierce v. Stinde, 11 Mo. App. 364; McCormick v. McClure, 6 Blackf. 466. But in some other states the authorities indicate, if they do not expressly hold, that a voluntary purchaser from a party to a suit, during the period allowed after final judgment or decree to take an appeal or to sue out a writ of error, would be there regarded as a purchaser pendente lite, and would hold the property subject to the outcome of the litigation. Debell v. Foxworthy's Heirs, 9 B. Mon. 228; Harle v. Langdon's Heirs, 60 Tex. 555, 562, and citations; Marks v. Cowles, 61 Ala. 299.

There is also some conflict of opinion as to whether a person who purchases property from a party to a suit after final decree therein, and within the time limited by law for filing a bill of review, is a purchaser pendente lite, and is bound by a decree of reversal on a bill of review subsequently filed. This question was answered in the affirmative in Earle v. Couch, 3 Metc. (Ky.) 450, and in Clarey v. Marshall's Heirs, 4 Dana, 95, 96. The decision in these cases is based upon the ground that a purchaser under such circumstances is presumed to know that the decree may be reversed on a bill of review, or, in other words, that he buys with the knowledge that the litigation is not at an end until the period has expired for filing a bill of review or taking an appeal. On the other hand, a different conclusion was reached in a very well considered case in the state of Ohio. Ludlow v. Kidd, 3 Ohio, 541. In the last case the facts were that certain infants filed a bill to obtain the legal title to certain real estate. The bill was dismissed on final hearing; whereupon the defendants, who were in possession of the land, and had an apparent legal title, sold the same to third parties who were strangers to the suit. A statute of Ohio allowed infants five years after obtaining their majority to bring a bill of review in such cases. The complainants having availed themselves of this statutory right after becoming of full age, and having procured a reversal of the original decree on a bill of review, it was held, after a careful scrutiny of the authorities, that the intermediate purchasers were not affected by the decree of reversal. The decision in Lee Co. v. Rogers, 7 Wall. 181, also has a direct bearing on the question at issue, and is in harmony with the case last cited. A suit was brought to enjoin the county from issuing certain bonds on the ground that it had no authority to issue such securities.

This bill was dismissed on final hearing, whereupon the bonds were issued and sold. Subsequently a bill of review was filed, which resulted in a decree declaring that the county had no power to issue such bonds, and in a reversal of the original decree. In a suit against the county upon the bonds, it was urged that they had been issued and sold during the pendency of a suit to test their validity, and that the purchasers were affected with notice of the litigation, and were bound by the decree on the bill of review. It was held, however, that they were "distinct and independent suits, and that the doctrine of lis pendens had no application to the case." In Cole v. Miller, 32 Miss. 89, 101, it was also expressly ruled that, while a bill of review has reference to the original suit, yet it is "an independent proceeding, and not a part of the original case." We are of the opinion, both on principle and authority, that a bill of review ought not to be regarded as a continuation of the original suit, merely for the purpose of affecting a purchaser in good faith, after a final decree, with notice. In our judgment, one who thus purchases after the lapse of the term at which a final decree on the merits is rendered, without notice that a bill of review is in contemplation, or will be exhibited, should be protected from the effect of a decree on such a bill if it is subsequently filed. After a final decree the losing party, by proper diligence, can always guard against the risk of losing the fruits of the litigation by a sale to an intermediate purchaser; and, on grounds of public policy, it is better to exact of him such diligence in the prosecution of his claim, than to suffer the title of valuable property to be clouded for an indefinite period by the possibility that the litigation may be renewed by a bill of review.

But, even if the conclusion last stated is not warranted by the authorities, we entertain no doubt that, on the state of facts disclosed by this record, the doctrine of lis pendens, which the appellant invokes, is inapplicable. The decree dismissing the bill was entered on May 2, 1881. Thereafter, by the motion to vacate the decree, the court's attention was directed to the stipulation of December 16, 1880, and, in a proper manner, it was called upon to construe that stipulation. It held, in substance, that the agreement "to await and abide the decision on the demurrer" in the Gibbon Case, meant the decision of the circuit court on such demurrer, rather than such final decision as might be rendered on appeal; and, whether that view was right or wrong, it was conclusive, as between the parties to the suit wherein such ruling was made, until it was reversed on appeal or by a bill of review. An appeal was in fact allowed, which was dismissed on December 6, 1881; and the present bill of review, so termed, was not filed for more than two years and four months thereafter. No sufficient excuse has been shown for not prosecuting that appeal to a final hearing upon the merits, nor can we entertain any doubt that, if it had been diligently followed, the appellant might have obtained a review of the decision of the circuit court touching the proper construction of the stipulation, which decision we are now asked to review and to reverse. It is a well-settled rule of procedure that, unless some special reasons exist to excuse the delay,

which have not been shown in the present case, a bill of review must be exhibited within the same time allowed for taking an appeal, which by the federal statute at the time of these occurrences was limited to two years after the entry of a final decree. Rev. St. § 1008; Thomas v. Harvie's Heirs, 10 Wheat. 146; Clark v. Killain, 103 U. S. 766; Ensminger v. Powers, 108 U. S. 292, 2 Sup. Ct. 643; Daniell, Ch. Pl. & Pr. 1580, 1581, and citations; Story, Eq. Pl. & Pr. 410. We are of the opinion, therefore, that as the appellee's title to the premises was acquired under a mortgage which was executed on February 29, 1884, more than two years after the appeal from the final decree dismissing the original bill had been itself dismissed in the supreme court, such title as he then acquired could not be prejudiced, or in any manner affected, by a decree rendered on the alleged bill of review which was thereafter filed.

In view of what has already been said, it becomes unnecessary to consider whether the final decree of May 2, 1881, was entered prematurely, in violation of the stipulation of December 16, 1880, and no opinion will be expressed on that point. If the circuit court erred in its interpretation of the stipulation, it was like any other error that might have been committed during the progress of the case, and the alleged error did not render the decree dismissing the original bill any the less final. It is evident, we think, that when the appellee acquired an interest in the property there was not only no pending suit which could affect him with notice, but the time had then expired within which the litigation could be renewed by a bill of review. Finding no error in the record, the decree of the circuit court is in all things affirmed.