## PARSZYK v. MACH.

1. A complaint in a suit to cancel a deed stated a cause of action, where the averments justified evidence to show that at and prior to the time of the execution and delivery of such deed, which was obtained through undue influence on the part of defendant, plaintiff, by reason of insanity was without legal capacity to transact any business, and that after his restoration to sanity, and before the commencement of such action, he offered to return to defendant everything of value which he had received in

consideration for such conveyance, and demanded a reconveyance, which was refused.

2. It was not necessary for plaintiff, in a suit to cancel a deed obtained from him, through undue influence, when insane, to negative, by way of recital in his complaint, any confirmation of, or long acquiescence in, such transaction after recovering his mental capacity, in order to entitle him to prove that he acted with reasonable promptness on being restored to reason.

3. Under Comp. Laws, § 5097, limiting the relief to be granted, in default of an answer, to that demanded in the complaint, a default decree adjudging that a certain deed be cancelled, and the title to the property in question confirmed in plaintiff, and that defendant, and all persons claiming by, through, or under her, be forever barred and enjoined from asserting any right, title or interest in or to such property, was unauthorized, as in excess of the prayer, where, though the complaint stated a cause of action, no substantial relief was demanded.

4. An order opening a default was within the discretionary power of the court, where the application therefor was supported by a verified answer on the merits, and an affidavit designed to show excusable mistake and inadvertence on the part of defendant, though plaintiff produced evidence tending to show her bad faith.

(Opinion filed April 5, 1898.)

Appeal from circuit court, Yankton county; Hon. E. G. SMITH, Judge.

Action to cancel a deed. Plaintiff had judgment by default. From an order opening the default and allowing defendant to answer, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Price & Slama,* for appellant.

*French & Orvis,* for respondent.

FULLER, J. This equitable action to cancel a warranty deed, which it is alleged defendant, by undue influence, obtained from plaintiff while the latter, by reason of insanity, was incapable of transacting any business, resulted on the 23d day of January, 1897, in a default judgment based upon findings of fact and conclusions of law favorable to plaintiff. Thereafter a motion, returnable at 10 o'clock, a. m., February 6, 1897, was made by the defendant to vacate and set aside such findings of

fact, conclusions of law, and judgment, for the following reasons: "(1) That the complaint in said action does not state facts sufficient to constitute a cause of action; (2) for the reason that it appears from the pleadings and proof of service in said action that judgment was rendered by default, and the judgment contains matters of relief not prayed for in the prayer for judgment in the said complaint, and to which plaintiff was not entitled under said complaint." Upon a proposed verified answer, the grounds above stated, and the further ground of "mistaken and excusable neglect," as shown by her affidavit, the defendant made another motion, returnable on the afternoon of the same day (February 6, 1897), asking the court for the identical relief above demanded, and to be allowed to serve and file an answer to plaintiffs complaint. After hearing argument of counsel for and against the first motion, the court overruled the same, without specifying any reasons therefor; and, for the purpose of avoiding the effect of language inadvertently employed by counsel who prepared the order, another order overruling said motion was made and entered on the 23d day of February, 1897, which provides "that said motion be, and the same is, denied, for the reason that no answer to the plaintiff's complaint was served with said motion papers, and for the further reason the defendant did not ask permission to either answer or demur to plaintiff's complaint. This order is without prejudice to defendants right to a decision on the second motion in said case now pending in this court. In opposition to the second motion, which was brought on for hearing immediately after entry of the foregoing order, affidavits of numerous persons were read, traversing the affidavit of defendant, upon which her counsel wholly relied to show that the judgment by default was due to her mistake, inadvertence, and excusable neglect; and at the conclusion of the argument the court made and entered the following order, from which plaintiff prosecutes this appeal: "That the default in this action be, and the same is hereby, opened; and the defendant has leave to serve and file an answer

to the complaint herein within thirty days from the date of this order or said defendant may elect to stand upon the answer served upon the plaintiff with this motion."

The motion being "to vacate, set aside, and annul the findings of fact, conclusions of law, and judgment rendered, * * * and to be allowed to serve and file an answer," counsel for appellant maintain that the order, merely opening the default and granting defendant leave to answer, is of no legal efficacy while the judgment, to vacate which the motion was made, remains undisturbed and in full force. It is well settled that all applications to be exonerated from default are addressed to the inherently equitable side of the court, and, if any of the grounds relied upon bring the case reasonably within an instance provided for by statute, the court has the power to hold the judgment intact, as indemnity to plaintiff, and allow the defendant to answer, and be heard on the merits. Oil Co. v. Lee, 1 S. D, 531, 47 N. W. 955; Carswell v. Neville, 12 How. Prac. 445; Watson v. Harris, 65 Tex. 61; McCall v. McCall, 54 N. Y. 541; Lyon v. Boilvin, 2 Gilman, 629. Such relief may be given as the facts presented on the motion warrant, and the opening of a default for the purpose of an answer does not operate to vacate and set aside the judgment. Bissell v. Railroad Co., 67 Barb. 385; Meixell v. Kirkpatrick, 25 Kan. 13. It was shown at the hearing of this motion that since the entry of judgment a loan of $800, secured by a mortgage on the premises in controversy, had been negotiated by appellant with a stranger, who in the exercise of due caution and good faith, relied upon the decree canceling the defendant's deed; and in preservation of the mortgagee's lien, if any he has, the court very evidently intended to allow the judgment to stand until the rights of the parties are finally adjudicated.

The point that the court was without jurisdiction to render any judgment, for the reason that the complaint does not state facts sufficient to constitute a cause of action, is not well taken. The substantive averments are entirely ample to admit evidence

sufficient to show specifically that at the time of and prior to the execution and delivery of the deed, which was obtained by and through the undue influence of respondent, appellant, by reason of insanity, was without legal capacity to transact any matter of business; that thereafter, and before the commencement of this action, and after complete restoration to sanity, he offered to return to his grantee everything of value received in consideration for the deed, and demanded a reconveyance of the premises, which was refused. While sane acts of confirmation, or long acquiescence after recovery of mental capacity, amounting in law to an affirmance of the deed, may, in a proper case, be shown as a defense, to defeat repudiation, it was not necessary, as contended by counsel for respondent, to negative such facts by the way of recital, in order to entitle appellant to prove that he acted with reasonable promptness upon being restored to reason. Lange v. Dammier (Ind. Sup.) 21 N. E. 749; Gibson v. Soper, 6 Gray, 279; Lawver v. Langhans, 85 Ills. 138; Busta v. Wardall, 3 S. D. 141, 52 N. W. 418.

In support of the order under consideration, it is urged by counsel for respondent that the relief granted by the decree in default of an answer exceeds that demanded in the complaint, and that under Sec. 5097 of the Compiled Laws the same is unauthorized. The only relief demanded is that the deed be cancelled of record, and delivered up to plaintiff; and the judgment is as follows: "It is ordered, adjudged, and decreed by the court that the warranty deed * · * * be, and the same is hereby, cancelled, and the title to the said described property be, and it is hereby, confirmed in the plaintiff, Joseph Parszyk; and the register of deeds of Yankton county, South Dakota, is hereby authorized and directed to cancel said deed of record; and it is further ordered that the defendant Annie Mach, and all persons claiming by, through, or under her, be, and she and they are hereby, forever barred and enjoined from asserting any right, title, or interest of whatsoever kind to said property." In the absence of a statute, it is well established by au-

thority, that a return of the deed, and its cancellation, will not revest the grantor with the legal title; and Section 3233 of the Compiled Laws expressly provides that "redelivering a grant of real property to the grantor and cancelling it, does not operate to retransfer the title." Jackson v. Anderson, 4 Wend. 474; Raynor v. Wilson, 6 Hill, 469; Nicholson v. Halsey, 1 Johns. Ch. 417. It will thus be seen that, while the complaint states a cause of action, no substantial relief was demanded; and, there being no answer, nothing in excess of the prayer could be granted. In order to sustain a judgment by default under Sec. 5097, *supra*, although the pleader has stated facts that are actionable, the relief granted must not exceed what was demanded. Simonson v. Blake, 20 How. Prac. 484; Bullwinker v. Ryker, 12 Abb. Prac. 311. That the decree in this instance grants relief not demanded is so clear that further comment would be wholly gratuitous.

In further support of the application for relief from default, a duly-verified answer upon the merits, and the affidavit of respondent, designed to show excusable mistake and inadvertence, were presented for consideration; and though the latter was disputed by numerous credible witnesses, whose testimony tends to show bad faith on the part of respondent, we are reluctant to interfere with the discretionary action of the trial court. Upon the entire record, we are convinced that the ruling complained of was made in the interest of justice, and the order appealed from is affirmed.