PACKARD, Trustee, Respondent v. PIERRE BANKING & TRUST COMPANY, Appellant.

(177 N. W. 762.)

(File No. 4614. Opinion filed May 24, 1920).

1.  Judgment—Rendition, Entry, Without Notice After Year for Appeal Expired, Motion Within Year, Effect Re Order Re-Opening.

Where, after both parties' proposed findings were rejected by trial court, with directions for preparation of new ones, new findings were presented by plaintiff with copy served on defendant's counsel submitted findings without notice to plaint-

iff's attorney, which were signed and judgment entered thereon for defendant without notice, plaintiff's attorneys having six months later discovered such findings and judgment entry plaintiff thereupon promptly serving notice of motion to vacate findings and judgment, that plaintiff might have opportunity to object thereto, which motion was submitted within, but the order thereon granting motion having occurred after expirat·1 of one year from judgment entry; held, on appeal from said order, that trial court had jurisdiction to make the order setting aside judgment, notwithstanding the judgment for purposes of appeal therefrom has become final; since prior to expiration of the year and while the cause was pending and court had jurisdiction, the motion was made and submitted.

2. **Judgment—Motions to Vacate Findings and Judgment, Analogus to Motion for New Trial—Orders re Such Motions, Appealability Of—Court's Inherent Power—Rule In Harker v. Cowie Applied.**

Motions to vacate findings and judgment are analogous to and on legal parity with motions for new trial seeking vacation of verdict, findings, and judgment; the object sought being correction of some alleged irregularity; and all such orders are appealable as affecting substantial rights. while motions for new trial are authorized by statute. Held, that mo ions to vacate findings and judgment are authorized under inherent power of the court to correct its own error, and, that the rule that trial court has jurisdiction, after expiration of one year from judgment entry, to grant or deny new trial when motion was submitted prior to expiration of such period, applies to the case at bar, the rule announced in Harker v. Cowie, 42 S. D. 159, 173 N. W. 722, being applicable to this case

Appeal from Circuit Court, Hughes County. HON. JOHN F. HUGHES, Judge.

Action by H. P. Packard, as trustee, against the Pierre Banking & Trust Company, a corporation. From an order vacating and setting aside findings and decree, defendant appeals. Affirmed, and cause remanded.

*Sutherland & Payne,* for Appellant.

*Sterling & Clark,* for Respondent.

(1) To point one of the opinion, Appellant cited: 3 C. J. Page 1054 d; Oxford Tel.· Mfg. Co. v. Arkansas National Bank (Ark), 204 S. W. 1140.

Respondent cited: Harker v. Cowie, 32 S. D., 516; Bucknell v. Archer, 29 S. D. 22.

McCOY, P. J.  Appeal from an order vacating and setting aside findings and decree.  The trial occurred in July, 1916, and the case was taken under advisement by the trial court. There was voluminous and conflicting evidence.  The court not having arrived at or announced a decision in July, 1917, both parties, without suggestion from the court, presented proposed findings, all of which were rejected by the court.  The court thereupon directed that new findings be prepared, that would set forth so much of the evidence as might be material on a motion for new trial and appeal.  Attorneys for plaintiff prepared and presented to the court new findings in accordance with such directions, and, served a copy thereof upon attorneys for defendant.  In the meantime the attorneys for the defendant prepared and submitted to the court findings without notice to the attorneys for plaintiff.  Thereafter in January, 1918, the court signed the findings presented by defendant, and on the 29th day of January, 1918, rendered and entered judgment thereon in favor of defendant.  No notice thereof was ever given to plaintiff or his attorneys, who did not discover that such findings had been made and judgment entered thereon until in July, 1918.  Plaintiff thereupon, promptly, on August 2, 1918, served notice of motion to vacate said findings and judgment, so that plaintiff might have opportunity to object thereto.  Said motion was heard and submitted on the 20th day of August, 1918, and on July 26, 1919, the trial court made an order granting said motion, and from the granting thereof this appeal is taken.

[1-3]  Appellant assigns that the court erred in granting said motion on the 26th day of July, 1919, for the reason that final judgment was entered on January 29, 1918, and the judgment roll then made up and filed, and, no appeal having been taken and no motion for new trial having been made, and the time for appeal having then elapsed, said judgment became final, and said action no longer pending, and that the court then had no jurisdiction to make said order affecting said judgment.  It is no doubt true that said judgment, for the purposes of appeal therefrom, became final at the expiration of one year after its entry on January 29, 1918.  From the record it appears that prior to the expiration of the time to appeal, and while the cause was

pending and the court had jurisdiction, the motion in question was made and submitted. Such motions to vacate findings and judgment are analogous to and on a legal parity with motions for new trials, which seek the vacation of a verdict and judgment or the vacation of findings and judgment. The object sought by all such motions is the correction of some alleged irregularity. All are appealable as affecting substantial rights, although motions to vacate, such as the one here involved, are authorized under the inherent power of the court to correct its own errors, while motions for new trial are authorized by statute. Appellant does not question the sufficiency of the showing made by respondent by any assignment of error. This court has held that, although the time to appeal from a judgment has expired, still the trial court has jurisdiction, after such expiration, to grant or deny a new trial, when the motion was made and submitted prior to the expiration of the time to appeal from the judgment. We are therefore of the opinion that this rule applies to the circumstances of this case, and that the trial court did not err in making said order of July 26, 1919. Dean v. Seeman, 176 N. W. 649; Keyes v. Baskerville, 175 N. W. 874. The rule announced in Harker v. Cowie, 173 N. W. 722, is applicable to this case.

The order appealed from is affirmed, and the cause remanded.