(No. 14004.—Reversed and award set aside.)
SWIFT & Co. Plaintiff in Error, *vs.* THE INDUSTRIAL COM·
MISSION *et al.*—(FRANK FOX, Defendant in Error.)

*Opinion filed October 22, 1921—Rehearing denied Dec. 9, 1921.*

1. WORKMEN'S COMPENSATION—*Compensation act applies only to injury resulting in incapacity or disfigurement.* It is only where there has been an injury to an employee which incapacitates him from pursuing his usual and customary line of employment or results in serious and permanent disfigurement that the Compensation act provides for the payment of compensation.

2. SAME—*when provision for making a claim within eighteen months after returning to work does not apply.* The provision of the Compensation act which allows an injured employee eighteen months in which to make his claim for compensation if he returns to work with the same employer with whom he was working when he was injured does not apply where the injury is so slight that the employee loses no time except the few minutes occupied in having his injury treated by the employer's physician, and if no claim for compensation is made within six months after the accident the Industrial Commission has no jurisdiction even though the injury subsequently results in abscesses and causes the employee to quit work.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

T. M. COEN, for plaintiff in error.

BOWE & BOWE, (AUGUSTINE J. BOWE, of counsel,) for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Frank Fox ·was employed by Swift & Co. in January, 1919, as a bricklayer on a job of bricking up boilers in a new boiler house. After working three or four days he was laid off for several days for lack of material but returned to work, and on February 18, while at work, scratched the shin of his right leg on some loose brick. He paid no attention to this injury, but the next day he struck his head on a temporary brace, and the foreman, seeing the blood on his head, told him he had better go over to see the doctor. Fox

then told the foreman about scratching his leg and went to the doctor, who wiped off his head with a piece of cotton and bandaged the leg. Fox continued at work until the job was completed, about the first of March, losing no time. He was then unemployed until in April, when he got a job with the Indian Oil Company, at which he worked about a month, full time, when it was not raining. He quit work on May 14, 1919, because he was sick, and afterward was under the care of physicians or in a hospital for several months. He had a number of abscesses as a result of streptococcus infection. No claim was made for compensation until December 19, 1919, when he made an application to the Industrial Commission for an award. An award was made by the arbitrator, which was confirmed by the Industrial Commission, and the circuit court of Cook county on review of the proceedings, after a slight modification, confirmed the award of the Industrial Commission.

The employer, Swift & Co., by this writ of error questions the jurisdiction of the Industrial Commission to entertain the application, since no claim was made within six months after the injury. The defendant in error claims that jurisdiction exists by virtue of that part of paragraph *(d)* of section 8 of the Workmen's Compensation act which provides that "in the event the employee returns to the employment of the employer in whose service he was injured, the employee shall not be barred from asserting a claim for compensation under this act: *Provided,* notice of such claim is filed with the Industrial Board within eighteen months after he returns to such employment, and the said board shall immediately send to the employer, by registered mail, a copy of such notice." The defendant in error contends that his leaving off work at the direction of his foreman and calling on the company's doctor for the purpose of having his injury treated and his return to work at the direction of the doctor brings the employee within this provision; that the employee returned to the employment of

the employer in whose service he was injured, and that he was not barred from asserting his claim for compensation within eighteen months after such return.

The Workmen's Compensation act provides that an employer may elect to provide and pay compensation for accidental injuries sustained by any employee arising out of and in the course of the employment. Section 7 of the act provides for the amount of compensation which shall be paid for injury to the employee resulting in death, when it shall be paid, to whom it shall be paid and how it shall be paid. Section 8 relates to injuries not resulting in death, and provides for the amount of compensation which shall be paid to the employee for such injuries according to a schedule stated in the section. The injuries are all such as result in temporary or partial incapacity to work or serious and permanent disfigurement. The first part of paragraph *(d)*, the last sentence of which has been quoted and is relied upon by the defendant in error, is as follows: "If, after the injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall, except in the cases covered by the specific schedule set forth in paragraph *(e)* of this section, receive compensation, subject to the limitations as to time and maximum amounts fixed in paragraphs *(b)* and *(h)* of this section, equal to fifty percentum of the difference between the average amount which he earned before the accident, and the average amount which he is earning or is able to earn in some suitable employment or business after the accident." It is only where there has been an injury to an employee resulting in his partial incapacity from pursuing his usual and customary line of employment or serious and permanent disfigurement that the act provides for the payment of compensation. It is only after such an injury that the statute provides for the return of the injured employee, who has been partially incapacitated, to the employment of the employer in whose service he was so injured

and incapacitated. When the statute speaks of the event of the employee's return to the employment it refers to a return after an injury sustained resulting in partial or permanent incapacity. It fixes a period of six months within which the employee may make his claim for compensation, and the commission is without jurisdiction to make an award unless claim is made within six months, except that where the employee, after having been partially incapacitated, returns to his former employment the limitation is extended to eighteen months.

The Industrial Commission was without jurisdiction to award compensation to the defendant in error.

The judgment of the circuit court will be reversed and the award set aside.     *Reversed and award set aside.*