(No. 14821.—Judgment reversed.)

THE AMERICAN GLYCO METAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GEORGE SENKOWSKI, Defendant in Error.)

*Opinion filed February 21, 1923.*

WORKMEN'S COMPENSATION—*when the claim for compensation must be made within six months from injury.* The provision of section 24 of the Compensation act allowing an injured employee eighteen months within which to make claim for compensation after returning to work does not apply where the injury is so slight that the employee loses no time except the short interval occupied in having the injury treated by the employer's inspector or physician, and if no claim for compensation is made within six months after the injury the Industrial Commission has no jurisdiction to make an award even though the employee subsequently loses the sight of an eye as a result of the accident.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. FRANK JOHNSTON, JR., Judge, presiding.

H. L. HOWARD, for plaintiff in error.

AUGUSTINE J. BOWE, and WILLIAM J. BOWE, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

An award was made on December 7, 1920, to George Senkowski, defendant in error, by an arbitrator, under the Workmen's Compensation act, against the American Glyco Metal Company, plaintiff in error and employer, for the sum of $14 per week for a period of 100 weeks, as provided in paragraph (*e*) of section 8 of said act, for permanent loss of sight of the left eye. This award was reviewed without further evidence and was affirmed by the Industrial Commission. Upon a writ of *certiorari* sued out by plaintiff in error in the circuit court of Cook county the decision of the commission was confirmed. A writ of error was allowed by this court for a review of the record.

The points raised by plaintiff in error are, first, that there was no accident on January 6, 1920, shown by competent evidence to have caused the loss of the eye; second, that no notice was given that a piece of brass or any other particle had entered and injured the eye of plaintiff in error; third, there was no claim for compensation made for the alleged accident within six months after it happened.

Two witnesses were examined, defendant in error and Dr. Sidney Walker, the former testifying, in substance, as follows: He was employed in the machine shop of plaintiff in error as a lathe-hand for two years and was working there in January, 1920, at smoothing and cutting automobile bearings. On January 6, 1920, while at this work a piece of brass "jumped" into his left eye. He examined his eye with his looking glass but could see nothing. He then went to the foreman, Kraft, who told him to go to the inspector of plaintiff in error and get him to look in his eye. He went to the inspector's room on the third floor of the building. He found there a young man whose name he did not know, who looked into his eye and found and removed a little bit of dirt. Defendant in error then went back to work, his eye being a little bit better, and continued to work steadily until the 24th of the following April. On the sec-

ond day of his return to work his eye was red and paining him a bit but not much. As he continued to work his eye remained sore and it appeared to him like it was shaking. He saw Dr. Fisher six or seven times after he quit work on the 24th of April, and about the latter date a piece of steel "jumped" into his eye. Dr. Fisher was not able to find anything in his eye. In the first week of July following he went to work for the Rumerford Machine Company and was working there at the time of the hearing before the arbitrator. Before January, 1920, his eye was good and he never wore glasses. He worked for the Western Electric five years, where he had to be passed by the doctor.

Dr. Walker, an eye specialist, examined Senkowski's eye in September, 1920, and found that his left eye showed light perception. He was not able to discern objects of any form and was simply able to tell when it was light and when it was dark by the left eye. The iris was tremulous. He had practically no vision and the uveal tissues of the eye were inflamed. The doctor was not able to determine the cause of the infection but testified the eye had the appearance of being injured; that he had never seen an eye with a tremulous iris and a severe inflammation that was put in that condition by disease; that a particle of brass getting in the eye, a blow on it or any severe injury would cause the character of inflammation in his eye. In answer to a hypothetical question based on the facts proved, he testified that the condition of Senkowski's eye could have resulted from a particle of brass getting into his eye; that the condition of the eye as he found it is permanent; that from his examination of the eye it was his opinion that it had been less than a year in getting into that condition.

All other facts necessary to a recovery by defendant in error were stipulated, except on the question of demand, and further proof thereof was waived.

The first two propositions or contentions of plaintiff in error are not sustained because the evidence clearly shows

that defendant in error received the injury on January 6, as testified to by him, and that it caused the loss of his left eye, and notice of the injury was given by the act of defendant in error in going to the foreman and conversing with him about his injured eye. That the foreman then received such notice is further shown by his direction to defendant in error to have his eye examined by the inspector.

It is the contention of the defendant in error that he was not required to make claim for compensation within six months after the accident, and that the making of his application for compensation and filing the same with the Industrial Commission within eighteen months after he returned to his employment on January 6 (the day he was injured) obviated the necessity of any other demand on his part, as the commission gave notice to plaintiff in error of the filing of such application in the manner provided by the Compensation act. He bases this contention upon the second proviso of section 24 of the act. This court held in *Swift & Co.* v. *Industrial Com.* 299 Ill. 587, that the provision of the act which allows an injured employee eighteen months in which to make his claim for compensation after he returns to his employment does not apply where the injury is so slight that the employee loses no time except the few minutes occupied in having his injury treated by the employer's inspector or physician.

It is argued by defendant in error that as the case cited was decided under the Compensation law as it existed in 1917, in which the return-to-work provision was then embodied in section 8 of the act, there should be a different interpretation made in this case, as said clause was by a subsequent amendment taken out of section 8 and transferred to section 24 of the act. He insists that "returning to his employment," under section 24, means returning to his work, and that we should so interpret the clause and sustain his contention in this suit that the demand was made in apt time. We see no difference in the meaning of the

word "employment" as used in section 24 at this time from that intended when it was part of section 8.

Defendant in error also contends that a demand for a permit to a doctor is a claim for compensation and was so held in *Central Locomotive Works* v. *Industrial Com.* 290 Ill. 436, and therefore a demand for treatment by the inspector must also be considered as a demand for compensation. We do not understand that the decision just cited holds that such a demand is a sufficient claim for compensation within the meaning of section 24. Such treatment by the inspector, if the defendant in error asked for treatment, could not be regarded as amounting to more than a payment of compensation, but section 24 requires that the demand or claim be made within six months from the accident, or if payments have been made, written demand must be made within six months after the last payment.

There is no possibility of this case coming within the provisions of paragraph (*h*) of section 19, as contended by the defendant in error. That paragraph provides that an agreement or award under the act providing for compensation in installments may at any time within eighteen months after such agreement or award be reviewed by the Industrial Commission. The petition in this case was an original petition for award, and it was not for review of any other award or any agreement for compensation. There was no other award or agreement for compensation. There was no demand for treatment or for compensation previous to the filing of the petition in this case, which petition was filed more than six months after the injury. A demand for compensation in accordance with section 24 is jurisdictional, and for want of such demand the award of the commission was a nullity. The circuit court should have so held.

The judgment of the circuit court is reversed.

*Judgment reversed.*