WILCOX, Respondent, v. JOHN MORRELL & CO., Appellant

(12 N. W.2d 15.)

(File No. 8624. Opinion filed December 3, 1943.)

**Boyce, Warren & Fairbank** and **John S. Murphy,** all of Sioux Falls, for Appellant.

**Claude A. Hamilton** and **James R. Smith,** both of Sioux Falls, for Respondent.

SMITH, J.   Our Workmen's Compensation Act includes the following provision: "The right to compensation under this title shall be forever barred unless within one year after the injury, or if death results therefrom, within one year after such death, a claim for compensation thereunder shall be filed with the Industrial Commissioner." SDC 64.0611.

It also contains the following subsection: "If, after the injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall, except in the cases covered by the specific schedule set forth in subdivision (4) of this section, receive compensation, subject to the limitations as to time and maximum amounts fixed in subdivisions (1) and (7) of this section, equal to one-half of the difference between the average amount which he earned before the accident, and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. Return by the employee to the employment of the employer in whose service he was injured shall not

bar his claim for compensation under this subdivision, if notice of such claim is filed with the Commissioner within eighteen months after such return to such employment. The Commissioner shall immediately send to the employer by registered mail a copy of such notice;" SDC 64.0403(3).

The question presented for decision by this appeal is whether plaintiff's claim for compensation is barred by the above-quoted one-year statute of limitations.

On January 30, 1939, while working. in the regular course of his employment, claimant was struck in the right eye by a stream of liquid erupted from a container in which he and other employees were pressing hams. The claim for compensation asserts that the above-described accident caused a detachment of the retina and destroyed the vision of that eye. The claimant lost no time from his employment by reason of the alleged accidental injury. At the time of the accident he stepped back from the group with which he was working and informed his foreman that some of the pickle solution had entered his eye. He was then suffering apparent discomfort. Thereupon he immediately resumed work. At the end of his working day he went to the first aid station maintained by the employer, informed the nurse there in attendance that he had "gotten pickle in his eye", and asked for the names of eye specialists he might consult. The nurse recommended any one of three practitioners. Claimant thereupon consulted one of these practitioners in off work time and was informed that he had a detached retina of the right eye, and that the vision of that eye had been reduced to one-fifth of normal. Thereafter the eye became sightless.

Claimant failed to file a claim for compensation with the industrial commissioner until the 28th day of July 1941. After hearing the commissioner concluded that the claim was barred by SDC 64.0611, supra. The claimant appealed to the circuit court. The learned trial court concluded that the claim was governed by SDC 64.0403(3) supra. Although the commissioner had limited his decision to the indicated issue of law, the court proceeded to make findings of fact

upon conflicting testimony, draw conclusions of law therefrom and enter judgment setting aside the order of the commissioner and awarding compensation to the claimant. See Lang v. Jordan Stone Co., 61 S. D. 330, 249 N. W. 314. From that judgment the employer has appealed.

The issue throughout these proceedings has been whether the words "return by the employee to the employment of the employer" contained in SDC 64.0403(3) were intended to benefit a claimant who lost no time from his employment as a result of his injury. The employer contends that the claimant did not leave his employment and therefore did not return to that employment. The commissioner adopted this view and held the claim to have been barred by SDC 64.0611, supra. The claimant, on the other hand, contends that such a literal construction of a statute is unwarranted in a field where a policy of broad liberal construction obtains. It is said that it would be unreasonable to conclude that the Legislature intended to deal less liberally with those who are able to carry on with their employment without an interruption, than with those whose injury occasions a period of total incapacity. The claimant further contends that if a literal construction be adopted it must be held that he did "return to the employment." The argument here is that he left his employment when he reported his injury to the foreman and returned thereto when he resumed his work. The judge of the circuit court shared these views.

From a reading of SDC 64.0403(3) it will be observed that it does not purport to lengthen the period of limitation set up by the general statute. It establishes a separate and different period of time within which to file claims for compensation for the benefit of a described class of injured workmen. Whereas under the general statute, SDC 64.0611, supra, claims must be filed within one year from the date of injury or death, this special provision establishes a limitation which does not begin to run until the employee returns to his employment and which extends for a period of eighteen months from that date. Thus it is made plain that

in order to sustain the claim of claimant, unless we are willing to say that he returned to his employment when he resumed the task at hand, we must adopt a construction the practical result of which will be to create a period of limitation which neither statute describes, viz., eighteen months from the date of the injury. Counsel for the claimant seeks to justify such a construction on the theory that a literal construction will defeat the revealed legislative purpose.

In the field of statutory construction the office of a court is to effectuate the revealed intention of the Legislature. To achieve that end a court is warranted in departing from the letter of a statute in declaring its meaning when firmly convinced that the words the Legislature has employed fail to express its full or true intention, and that a literal construction will defeat its revealed purpose. Elfring v. Paterson, 66 S. D. 458, 285 N. W. 443. To determine the actual intent of the Legislature, and to ascertain whether the foregoing rule is invoked in the instant circumstances, we turn to a consideration of the purposes which motivated the lawmakers in enacting the quoted subsection.

It seems manifest that the Legislature was motivated in liberalizing the act for the benefit of the described class because it recognized the probability that insistence by an employee upon compensation for an injury would frequently jeopardize the future relations of the employee with his original employer, and that such an employee would need a period of working experience within which to judge his condition and the intentions of his employer as a basis for determining whether to waive or claim compensation. It is not improbable that the Legislature may have perceived that, if but a comparatively brief period remained in which to file his claim when the injured employee returned to work, a grasping employer might be tempted to lull the employee into a false sense of security by placing him on the payroll on a very liberal basis.

In a preliminary study of the act we hastened to the conclusion that these considerations apply indiffer-

ently to all .workmen in the employ of the employer in whose employment their injuries were received, whether the subsequent relationship results from continued employment, or the resumption of employment after a period of total incapacity. Upon further reflection we have concluded that there is a marked difference in the situation of these two classes of injured workmen. In the case of the workman with sufficient strength of body and mind to carry on with his employment, a full year of time is afforded by the general statute in which to gain experience from which to form an intelligent judgment. It is only when the injury occasions a break in the continuity of the employment that it becomes impossible to prophesy with certainty that the one-year statute will afford a sufficient period of experience in which to soundly appraise his situation after the employee is able to return to his employment. The possibility of a period of total incapacity of sufficient length to consume all or most of the one year fixed by the general statute is real. Thus the reason for adopting the date of the return of the employee to his employment as the time from which the special statute should run becomes apparent. By the .same token it becomes certain that the Legislature selected its words advisedly and intended to narrow the class to be benefited thereby to those who have suffered a period of total disability and subsequently return to their original employment. We cannot escape the conclusion that the commissioner did not err in determining that the claim was barred by the general statute.

■ That which we have said, supra, indicates that we entertain the view that the claimant did not "return to the employment" when he resumed the task at hand after stepping aside to report his injury to his foreman.

Contentions similar to those made by claimant were urged upon and rejected by the Illinois court during the period that state had an identical statute in force. Swift & Co. v. Industrial Commission, 299 Ill. 587, 132 N. E. 801; American Glyco Metal Co. v. Industrial Commission, 306

Ill. 421, 138 N. E. 176; Inland Rubber Co. v. Industrial Commission, 309 Ill. 43, 140 N. E. 26.

These conclusions dispose of this cause and therefore, we need not now decide whether the revision of subsection 4 of § 9459, Rev. Code of 1919, contained in SDC 64.0403(3), in which the word "subdivision" replaces the word "article", indicates a legislative intention to narrow the class of claimants benefited by the special period of limitation.

The judgment of the learned trial court is reversed and the order of the commissioner disallowing the claim of the employee is reinstated.

All the Judges concur.