## JAY v. STOCKWELL et al.

On motion by two of four defendants to open a default, it appeared that their attorney, upon ascertaining that other attorneys had been employed to answer for the other defendants, conferred with them as to interposing a joint answer, and he alleged that an agreement was had that such other attorneys should interpose such an answer and that he informed his clients of such arrangement; that thereafter the other two defendants concluded to allow a default and so notified their attorneys; and that, not being required to answer for their own clients, they interposed no answer at all; that such two defendants, relying upon the arrangement for a joint answer, made no answer themselves and a default was thereupon taken against all; and that, upon discovering the default, they immediately moved to vacate the same, their proposed answers stating a good defense. The affidavits interposed by plaintiff related almost wholly to matters affecting the merits of the proposed answers. **Held,** that as to such two defendants the default should have been opened.

(Opinion filed, March 2, 1910.)

Appeal from Circuit Court, Pennington County. Hon. LEVI McGEE, Judge.

Action by Joseph Jay against W. S. Stockwell, W. C. Lusk, A. A. Taylor, and G. D. Loffler. From an order denying their

motion to open a default judgment against them, defendants Taylar and Loffler appeal. Reversed, with directions.

*C. H. Dillon* and *Harry Kunkle,* for appellants.   *Charles W. Brown,* for respondent.

McCOY, J.   In the circuit court defendants Taylor and Loffler moved to vacate and open a default judgment taken against them in a case wherein the plaintiff, Joseph Jay, brought suit against four defendants, viz., Stockwell, Lusk, Taylor, and Loffler. The motion to vacate was based on the proposed answers, affidavits of merit, and other affidavits reciting the facts.   Plaintiff also interposed affidavits in opposition thereto.   The motion of these defendants, the appellants, to vacate and open said default judgment, being overruled and denied, exception was taken by Taylor and Loffler, who appeal from such order.

It appears from the affidavits of Kunkle, Taylor, and Loffler: That on the 17th day of January, 1908, the summons and complaint were served upon each of the four defendants.   That defendants Taylor and Loffler employed Harry Kunkle as their attorney to answer for them, and that defendants Stockwell and Lusk employed Messrs. Gamble, Tripp & Holman as their attorneys to answer for them.   That attorney Kunkle, upon ascertaining that Gamble, Tripp & Holman had been employed to answer for the other defendants, conferred with them in regard to interposing a joint answer on behalf of all four defendants, and Kunkle states that the agreement was had between himself and Gamble, Tripp & Holman that, when Gamble, Tripp & Holman interposed an answer for their clients, Stockwell and Lusk, the answer would be the joint answer of all four defendants, and that Kunkle informed his clients of such arrangement.   Afterwards the defendants Stockwell and Lusk concluded not to answer, but to allow a default judgment to be taken against them under some arrangement with plaintiff, and so notified their attorneys, Gamble, Tripp & Holman, and, not being required to answer for their own clients, Gamble, Tripp & Holman interposed no answer at all for any of the defendants.   Kunkle and his clients, not being notified of the change of procedure on the

part of Stockwell and Lusk, but still presuming and relying upon the understanding that a joint answer would be interposed by all, did not answer either, and a default judgment was thereupon taken against all four defendants. It appears from such affidavits that appellants first discovered that such default judgment had been taken against them on the 16th day of April, 1908, and that immediately upon discovering that fact the motion to vacate was made. The proposed answers of appellants on the face thereof each state facts sufficient to constitute a good defense to plaintiff's alleged cause of action. We are of the opinion that the motion to open the default judgment should have been granted upon the showing made by appellants, and that the affidavits interposed by plaintiff in opposition thereto, which related almost wholly to matters affecting the merits of the proposed answers of appellants, were immaterial, and that such matters could only be given in evidence on the trial of the cause, if at all; in other words, the issues raised by the proposed answers could not be tried by affidavit on the hearing of the motion to open the default.

The order denying the motion to open the default judgment is therefore reversed, and the lower court directed to permit the appellants to serve and file the said proposed answers upon such terms as may be just.