SAYER, Respondent, v. LEE, Appellant.

(166 N. W. 635.)

(File No. 4290.   Opinion filed March 8, 1918.)

1. **Attorney and Client—Negligence of Counsel, Whether Imputable to Client—Rule.**

   As a rule, client is bound by acts of his attorney, but this is true only so far as such acts relate to management of business intrusted to an attorney, or to the steps taken by him in transaction of his client's business.   Where an attorney acts in good faith, within the scope of his authority in representing his client, his acts both of commission and omission will be regarded as those of his client, and negligence of attorney will be regarded as that of the client; which rule does not apply where the attorney has acted in bad faith, or intentionally neglects his client's business.

2. **Same—Moving for New Trial—Failure of Counsel to Act, Effect, re Granting Extension of Time—Client's Duty re Diligence.**

Where a client, dissatisfied with the amount of verdict she had recovered, directed her attorney, who prosecuted and tried the case, to take the necessary steps to secure a new trial, etc., which he promised to do and, from time to time thereafter assured her he was doing, she having relied upon him and believed the matter was being properly attended to until nearly three years after entry of judgment, whereupon, learning the contrary, she employed other counsel, who applied for a new time within which to take such steps, held, that the showing of said facts was sufficient under Code Civ. Proc., Sec. 151, concerning relief from defaults, to warrant the court in relieving a client from such default; that when she employed an attorney in good standing and engaged in general law practice to look after her case, and he accepted such employment, she had done all that an ordinarily prudent and vigilant person would do. So held, where it further appeared that defendant, more than a year before the motion for new trial was made undertook to pay the judgment the client had recovered, and deposited the amount with costs with the clerk of court for payment in satisfaction thereof, which the client refused to accept; and the client's neglect to serve due notice of intention to move for new trial and to have record settled within the statutory time was excusable, and trial court was justified in setting aside the default.

3.  Defaults—Relief From—Remedial Statute, Construction of.

Code Civ. Proc., Sec. 151, concerning relief from defaults in the course of judicial proceedings, is a remedial statute, and should receive a liberal construction.

Appeal from Circuit Court, Marshall County. Hon. Thomas L. Bouck, Judge.

Action by Rose E. Sayer, against Fred N. Lee, to recover a money judgment. From an order extending time within which plaintiff might serve and file notice of intention to move for a new trial and to cause the record to be settled, defendant appeals. Affirmed.

Byron Abbott, for Appellant.

M. J. Staven, and Frank McNulty, for Respondent.

(1) To point one of the opinion, Appellant cited: II. R. C. L. 965.

(2) To point two of the opinion, Appellant cited: Searles v. Christiansen, 60 N. W. 129; Gress v. Evans, 1 S. D. 379; Citizens National Bank of Sisseton v. Branden, 27 L. R. A. (N. S.) 858, and footnote.

Respondent cited: Searles v. Christensen, 5 S. D. 650, 60

N. W. 29; Citizens National Bank of Sisseton v. Branden, (N. D.) 126 N. W. 102; Behl v. Schuett, (Wis.) 70 N. W. 559.

POLLEY, J. This is an appeal from an order fixing the time within which to serve notice of intention to move for a new trial and to prepare and settle the record in this case. The case was tried in Marshall county and judgment entered on the 1st day of July, 1914. The verdict and judgment were in favor of plaintiff, but she was dissatisfied with the amount of the verdict and directed her attorney, who prosecuted and tried the case, to take the necessary steps to secure a new trial, or to appeal the case to this court, if necessary. This her said counsel promised to do, and, from time to time thereafter, assured plaintiff he was doing. Plaintiff relied upon said counsel to proceed with the case and believed that the matter was being properly attended to until about the middle of April, 1917, when she learned, by inquiry of the clerk of courts, that no move of any kind had ever been made by her said attorney to secure a new trial or to prepare or settle the said record. Upon learning this fact, she at once employed other counsel, who applied to the court to fix a new time within which plaintiff might serve and file her notice of intention to move for a new trial and to cause said record to be settled. The application was granted, and defendant appeals.

[1, 2] The only question presented by appellant is that the showing made by respondent is not sufficient, under the provisions of section 151, Code of Civil Procedure, to warrant the court in relieving respondent from her default. The reason why the necessary steps to procure a new trial were not taken within the time fixed for that purpose by statute is the negligence of respondent's counsel, and it is appellant's contention the such negligence should be imputed to respondent. As a rule, a client is bound by the acts of his attorney; but this is true only so far as such acts relate to the management of business instructed to an attorney or to the various steps taken by him in the transaction of his client's business. Where an attorney acts in good faith within the scope of his authority in representing his client, his acts, both of commission and omission, will be regarded as the acts of his client, and the negligence of the attorney will be regarded as the negligence of the

client. 2 R. C. L. 965. But this rule does not apply where the attorney has acted in bad faith or intentionally neglects his client's business. In this case there was a total failure on the part of the attorney to take any steps whatever to attend to the business instructed to his care. While he promised to proceed with the motion for a new trial and assured respondent from time to time that the necessary steps were being taken, as a matter of fact he neglected to do anything at all. Such negligence should not be imputed to respondent. When respondent employed her attorney, who was a member of the bar in good standing and engaged in the general practice of his profession, to look after her case and he accepted such employment, respondent had done everything that an ordinary prudent and vigilant person would do. As was said by this court in Searles v. Christensen, 5 S. D. 650, 60 N. W. 29:

"To hold, or even suggest, that he should have gone further, * * * would be a reflection upon the integrity and intelligence of the profession."

That respondent was acting in good faith and was relying upon her counsel to proceed with a motion for a new trial is apparent from the fact that, during the month of March, 1916, and more than a year before the motion which resulted in the order from which this appeal is taken was made, appellant undertook to pay the judgment in the case and deposited the amount thereof and costs, amounting in all to more than $3,000, with the clerk of courts of Marshall county, to be paid to respondent in satisfaction of said judgment. Respondent refused to accept said sum, and, so far as appears from the record in the case, said sum of money is still so on deposit. It is not at all likely that respondent would have refused to accept the amount of the judgment and have allowed said sum of money to lie idle in the hands of the clerk of courts during all these months if she had not intended to prosecute her effort to procure a new trial.

[3] Section 151, Code of Civil Procedure, is a remedial statute, and should receive a liberal construcion. Searles v. Christensen, 5 S. D. 650, 60 N. W. 29; McConnell v. Margulies, 165 N. W. 990; Bank v. Branden, 19 N. D. 489, 126 N. W. 102, 27 L. R. A. (N. S.) 858; Fisk v. Hicks, 29 S. D. 399,

137 N. W. 424, Ann. Cas. 1914D, 971.

Under all the circumstances of this case, we believe respondent's neglect to serve her intention to move for a new trial and have the record prepared and settled within the time fixed by law was excusable, and the trial court was fully justified in setting aside the default.

The order appealed from is affirmed.