JOHNSON, Appellant, v. GERMAN, Respondent.

(184 N. W. 232.)

(File No. 4870.   Opinion filed August 31, 1921.)

1. **Judgments—Vacating Default in Replevin, Re-delivery to Defendant, Subsequent Negotiations for Settlement, Default Judgment Pending—Excusable Negligence—Vacation Sustained.**

   Where, in claim and delivery, defendant retook the pigs in question under statutory undertaking, and employed counsel,

directing him to take whatever steps necessary; negotiations thereafter being had for settlement, and unsuccessful attempt made to arbitrate, pending which negotiations judgment by default was entered, defendant promptly moving to vacate upon learning thereof; held, failure to timely answer, though negligence, was negligence for which defendant himself was not responsible, and was excusable, his attorney's attempt to settle and save expense showing sincerity and commendability.

2. **Judgments—Vacating Default—Informal Affidavit of Merits Re, With Proposed Answer, Sufficiency.**

An affidavit of merits as basis for vacating a judgment, which, though not strictly in compliance with usual form, yet, when taken together with proposed answer, contains enough to show defendant believes he has a meritorious defense and is anxious to defend, held, sufficient.

3. **Same—Vacation of Judgment—Defendant's Counsel's Negotiations for Settlement or Arbitration as Excuse Re Failure to Answer, Non-abuse of Discretion.**

As frequently held by this Court, an order setting aside default judgment and permitting defense will not be disturbed in absence of abuse of discretion below; and where in replevin, defendant's attorney negotiated for settlement or arbitration between the parties, pending which default judgment was taken, trial court did not abuse discretion in vacating judgment.

Appeal from Circuit Court, Yankton County. Hon. ROBERT B. TRIPP, Judge.

Action by Israel Johnson, against Roy German. From an order vacating a judgment entered on default, plaintiff appeals. Affirmed.

*Howard Warren,* for Appellant.

*H. A. Doyle,* for Respondent.

POLLEY, P. J. [1] This is an appeal from an order vacating a judgment entered on default. This action was brought for the recovery of 14 pigs of which both plaintiff and defendant claim to be the owner. The summons and complaint, together with an affidavit and undertaking in claim and delivery, were served on the 4th day of December, 1920. The pigs were taken by the sheriff, but within the time allowed by law defendant furnished, a redelivery bond, and the pigs were returned to him. Immediately after the commencement of the action defendant employed counsel and directed him to take charge of the case and take whatever steps that might be necessary to protect his rights. Some negotiations tending to bring about a settlement

of the controversy took place, and an attempt was made to have, the matter settled by arbitration, but without success. In the meantime the time for answering had expired, and judgment had been entered by default. Upon learning of the entry of judgment defendant promptly moved to set aside the judgment and for leave to answer. The failure to answer within the time prescribed by law was negligence, but it was negligence for which defendant was in no wise responsible, and under the circumstances above shown was excusable. The attempt to settle the case out of court and save the expense and delay of litigation appears to have been sincere on the part of defendant's counsel, and it was commendable under the circumstances.

[2] It is contended by appellant that the affidavit of merits is not sufficient. The affidavit does not strictly comply with the usual form used in such cases, but it, together with the proposed answer, contains enough to show that the defendant believes that he has a meritorious defense to the action, and that he is anxious to defend the same.

[3] It has repeatedly been held by this court that an order setting aside a default judgment and permitting a defendant to answer and defend on the merits will not be disturbed unless there has been an abuse of discretion by the trial court. Under the circumstances shown by the record in this case, we are of the opinion that there has been no abuse of discretion, and that the defendant ought to be given an opportunity to answer and defend in the action.

The order appealed from is affirmed.