## W. B. FOSHAY COMPANY, Appellant, v. SPRINGFIELD LIGHT & POWER COMPANY, Respondent.

### (206 N. W. 239.)

(File No. 5503. Opinion filed December 9, 1925.)

**Judgment—Default—That. Attorney Neglected to Answer Within Time Allowed by Law Held Sufficient Cause to Vacate Default Judgment; "Surprise."**

That party upon whom summons was served promptly engaged attorney to protect its interests, and attorney, being engaged with other litigation, neglected to answer within time allowed by law, held sufficient cause to vacate default judgment; attorney's failure to perform his engagement being a "surprise" within Rev. Code 1919, Sec. 2378.

Appeal from Circuit Court, Bon Homme County; Hon. R. B. TRIPP, Judge.

Action by the W. B. Foshay Company, a corporation, against the Springfield Light & Power Company, a corporation. From a judgment setting aside default judgment, plaintiff appeals. Affirmed.

*Clark & Henderson,* of Yankton, and *Lancaster, Simpson, Junell & Dorsey,* of Minneapolis, Minn., for Appellant.

*G. M. Caster,* of Lake Andes, for Respondent.

Appellant cited: O'Brien v. Leach (Cal.), 72 Pac. 1004, 96 A. S. R. 105; Lathrop v. O'Brien (Minn.), 50 N. W. 530.

Respondent cited: Griswold Linseed Oil Co. v. Lee, 1 S. D. 531; Johnson v. German (S. D.), 184 N. W. 232; Searles v. Christensen, 5 S. D. 650; Rosebud Lumber Co. v. Serr (S. D.), 117 N. W. 1042; Congdon Hardware Co. v. Consolidated Apex Min. Co. (S. D.), 77 N. W. 1022; Smalley v. Lasell (S. D.), 128 N. W. 141; Central Lumber Co. v. Braun et al (S. D.), 148 N. W. 843.

DILLON, J. This is an action to remove default judgment. Appellant contends that the affidavits of the respondent in sup-

port of the motion to set aside the default judgment herein do not set forth sufficient facts to excuse the inadvertence or neglect of respondent in answering the summons and complaint of appellant, and that the trial court was without jurisdiction in the exercise of its large discretion to vacate the default judgment herein. The facts state that the summons and complaint were served on the respondent on May 7, 1923; that the default judgment herein was entered on June 7, 1923. The record shows that respondent, on June 26, 1923, served notice of its motion to vacate and set aside the default judgment, and asked for permission to answer.

The affidavits of Florence Glasier and J. J. Glasier (officers of respondent company), and G. M. Caster, clearly show that the Glasiers, within at least five days after the service of said summons and complaint, went to the office of Attorney G. M. Caster, who lived at Lake Andes, this state, and engaged him to act as attorney for respondent to answer the appellant's said complaint and to take any necessary action to protect respondent's interest in the matter. Said Glasiers went away from the office of said attorney with his full assurance that he would answer the said complaint as attorney for respondent, and would take such action as he thought necessary and advisable to protect the interest of the respondent in said matter. Said summons and complaint were left with said attorney the night before the regular May term of circuit court for Charles Mix county convened. The regular May term of said court commences on the second Monday of May in each year, and the date of its commencement during that year was on May 14. We think that there can be no doubt but that respondent's officers, who resided at Springfield, this state, relied upon their engagement of said attorney to timely answer the said complaint, and fully expected that he would do so.

The record shows that said attorney, at the time the summons and complaint were left with him, was occupied with the preparation of other important litigation coming on at the approaching term of said court in Charles Mix county, and said summons and complaint were laid aside in his office, and were thus inadvertently overlooked, and said attorney inadvertently failed and neglected to answer the complaint until after the expiration of the 30 days allowed by law from the time of the service. The respondent acted diligently in this matter ,and did all

that the law requires him to do in order to make its defense against appellant's complaint. We think that the trial court exercised wise and just discretion in excusing the inadvertence and neglect of respondent's attorney in failing to answer the complaint within 30 days. Section 2378, R. C., reads as follows:

"The court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this title, or by an order enlarge such time; and may also, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect, and may supply an omission in any proceeding; and whenever any proceeding taken by a party fails to conform in any respect to the provisions of this title, the court may, in like manner and upon like terms, permit an amendment of such proceeding so as to make it conformable thereto."

The court in Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955, 36 Am. St. Rep. 761, says:

"The provisions of this section are exceedingly liberal in their terms, remedial in their character, and were evidently designed to afford parties a simple, speedy, and efficient relief in a most worthy class of cases. The power thus conferred upon courts to relieve parties from judgments taken against them by reason of their mistake, inadvertence, surprise, or excusable neglect should be exercised by them in the same liberal spirit in which the section was designed, in furtherance of justice and in order that cases may be tried and disposed of upon their merits. When, therefore, a party makes a showing of such mistake, inadvertence, surprise, or excusable neglect, applies promptly for relief, after he has notice of the judgment, shows by his affidavit of merits that prima facie he has a defense, and that he makes the application in good faith, a court could not hesitate to set aside the default, and allow him to serve an answer upon such terms as may be just under all the circumstances of the case."

Johnson v. German, 44 S. D. 407, 184 N. W. 232, is a case where the defendant immediately, after being served with the summons and complaint, employed counsel and instructed such counsel to take any action necessary to protect defendant's rights.

The attorney, it appears ,made some unsuccessful efforts at compromise and arbitration, but allowed the statutory period to elapse before accomplishing anything and default judgment was rendered against defendant.   The court there says:

"The failure to answer within the time prescribed by law was negligence, but it was negligence for which defendant was in no wise responsible, and under the circumstances above shown was excusable."

Citizens' National Bank of Sisseton, S. D., v. Branden, 19 N. D. 489, 126 N. W. 102, 27 L. R. A. (N. S.) 858:

"Where a party to an action employs counsel of good reputation and large experience, the neglect by such counsel of matters necessary to the ordinary procedure of the case is a 'surprise" to the party, within the meaning of the statute entitling him to relief in such case."

In the case at bar ,respondent's counsel failed to perform his engagement, and we think his failure to do so may fairly be considered a "surprise" upon respondent.   This remedial statute has been considered by this court in many cases, but this court has very seldom reversed a case where the lower court set aside a default judgment on account of mistake, inadvertence, surprise, or excusable neglect.   We therefore hold that there has been no abuse of discretion, and that the lower court was justified in setting aside the default and in permitting the respondent to answer.

The judgment of the lower court is affirmed.

Note.—Reported in 206 N. W. 239.   See, Headnote, American Key-Numbered Digest, Judgment, Key-No. 143(12), 34 C. J. Secs. 523, 527.

As to whether neglect of counsel should be imputed to party, under statute providing for relief from judgment taken by mistake, inadvertence, surprise, or inexcusable neglect, see note in 27 L. R. A. (N. S.) 858.

On Rev. Code, Sec. 2378 see Annotations Kerr's Cyc. Codes, 1919, Code Civ. Pro., Sec. 473.