BOSHART, Respondent, v. NATIONAL BENEFIT ASSOCIATION, INC., Appellant.

(273 N. W. 7)

(File No. 7939. Opinion filed April 28, 1937)

262

*Fellows & Fellows,* of Mitchell, for Appellant.
*W. J. Hooper,* of Gregory, for Respondent.

ROBERTS, J. The National Benefit Association, Inc., issued to Amaniuel Boshart for the benefit of Jessie Boshart, the plaintiff herein, a policy of life insurance in the amount of $1,000. The defendant served and filed an answer, alleging that the insured had falsely represented the condition of his health in the application upon which the policy was issued. Plaintiff was examined as an adverse witness before trial. At the conclusion of the examination, it was agreed that the case be tried before the court without a jury, that the testimony of the plaintiff as a witness in her own behalf and of certain other witnesses might be taken before trial to enable the plaintiff to return to her home in California, and that certain depositions might be taken by the defendant. On October 19, 1934, the testimony of the plaintiff and of four other witnesses in her behalf was taken. Defendant offered no testimony at this hearing. On December 27, 1934, a notice that upon the evidence theretofore submitted in the action the plaintiff would apply to the court on January 15, 1935, for judgment was mailed to the attorneys for the defendant. Upon the date fixed for hearing the attorney for the plaintiff appeared and findings of fact, conclusions of law, and judgment were entered in favor of the plaintiff. The notice did not come to the attention of the attorneys for the defendant until after the time fixed for hearing, and on January 30, 1935, the defendant applied to the court for an order

vacating and setting aside the decision and judgment and restoring the cause to the calendar for trial before the court. This application was made upon the ground that judgment was taken against the defendant through the inadvertence, surprise, and excusable neglect of the defendant and its attorneys. Notwithstanding the judgment was not in terms set aside, evidence on the merits was introduced by the defendant, but no findings of fact were thereafter made by the court. The defendant submitted to the court form of order vacating judgment, proposed findings of fact, and conclusions of law in its favor. On June 10, 1935, the court made the following order: "The application of the defendant to set aside the decision and judgment of this court heretofore entered in the above entitled action, in favor of the plaintiff and against the defendant, coming on to be heard on March 1, 1935, at Burke, South Dakota, pursuant to the stipulation of the parties, the defendant appearing by Fellows, Fellows & Tinan, its attorneys, and the plaintiff by W. J. Hooper, her attorney, and by consent of the attorneys for the respective parties, and without acting on said application, the court permitted the defendant to introduce its testimony in opposition to plaintiff's case, all the testimony of the plaintiff being taken before the court when the defendant's attorneys were present and cross-examined the witnesses; and the court now having considered all the testimony offered, both in behalf of the plaintiff and in behalf of the defendant, and the arguments of the respective parties and being now advised, on motion of the plaintiff's attorney, orders that said application be, and the same is hereby wholly denied and that the decision of this court and the judgment heretofore entered shall stand as entered. To which ruling the defendant excepts and its exceptions are allowed by the court."

On August 11, 1935, on application of the defendant, the court made its order requiring the plaintiff to show cause why the order of June 10, 1935, should not be set aside. It was the claim of the defendant that the order so made and entered was not conformable to the facts; that it ignored the testimony submitted by the defendant; and by entry of such order and the failure to make findings of fact the defendant was deprived of the right to secure a review of all the evidence upon a motion for new trial or by appeal. On January 13, 1936, the court made an order from

264

which the defendant has appealed, denying the application to vacate and set aside the prior order.

Respondent moves to dismiss the appeal on the ground that an order refusing to vacate a prior order from which an appeal may be taken is not appealable; that defendant should have appealed directly from the order of June 10, 1935, instead of moving to set aside and then appealing from the order denying its motion. The order refusing to vacate the judgment is appealable under subdivision 2, § 3168, Rev. Code 1919, relating to appeals from orders affecting substantial rights. Weber v. Tschetter, 1 S. D. 205, 46 N. W. 201; Ontjes v. Thomas, 44 S. D. 542, 184 N. W. 795. When a motion is made to vacate an appealable order under such circumstances that it merely calls upon the court to repeat or overrule the former ruling on the same facts, the last order is not appealable. In Vert v. Vert, 3 S. D. 619, 54 N. W. 655, 656, this court said, in respect to an appeal from an order refusing to set aside a prior order, "to entertain and examine this appeal * * * would be in effect, reviewing and passing upon the merits of the first order. The time within which an order may be brought to the appellate court for review is fixed by statute, and it cannot be thus extended." But we know of no reason why an appeal should not be entertained if the motion to vacate is based upon matter affecting the substantial rights of the moving party which could not have been presented on an appeal from the original order. See Hayne New Trial and Appeal, § 199. The first motion was founded upon the alleged right to have the judgment vacated upon the ground of the "mistake, inadvertence or excusable neglect" of the moving party, and the application was addressed to the sound discretion of the trial court. The second motion was of a different nature and sought to bring into exercise the inherent power of the court. It is well settled that independent of statutory authority a trial court has the inherent power to set aside its orders and judgments inadvertently made. Purinton v. Purinton, 41 S. D. 125, 169 N. W. 236; Packard v. Banking & Trust Co., 43 S. D. 79, 177 N. W. 762. This, however, does not imply that a trial court has power, having once made its decision after regular submission, to set aside a judgment or order for judicial error. Such inadvertent or improvident acts are a species

of irregularity and are exceptions to the general rule as to erroneous judgments or orders. Freeman on Judgments, § 220. As we have observed, the question presented upon the second motion was whether or not the first order was inadvertently or improvidently entered, and defendant did not seek to have a reconsideration of the grounds presented in support of the first motion. The motion to dismiss the appeal is denied.

■ The court made no formal order vacating or setting aside the default, but defendant was permitted at the hearing on March 1, 1935, to introduce evidence to sustain its defense. The trial court recites in the order from which this appeal is taken that the court permitted the introduction of evidence and, having considered all the testimony offered, denied the application to set aside the prior order. Counsel for plaintiff recognized that the purpose of permitting the introduction of such testimony was to ascertain whether or not a judgment should be rendered against the defendant when he requested that the case be held open to enable him to secure depositions in rebuttal. Defendant had no right to offer testimony until the default had been set aside, and we are of the opinion that, although not in terms set aside, there was an implied vacation of the default. Cooper v. Henry, 31 S. D. 369, 141 N. W. 90.

■ When the facts on a motion warrant, a judgment may be opened merely to permit a defense, leaving the judgment stand as indemnity to the plaintiff. See Griswold Linseed Oil Co. v. Lee, 1 S. D. 531, 47 N. W. 955, 36 Am. St. Rep. 761; Parszyk v. Mach, 10 S. D. 555, 74 N. W. 1027. But it cannot be contended with any show of reason that the judgment was in effect opened to permit a hearing on the merits, and, the defendant having failed in its defense, the proceedings were brought to a close favorable to the plaintiff. After the introduction of evidence by the defendant, the court made and entered no findings of fact and conclusions of law. Cf. Caplan v. Brandriet, 63 S. D. 294, 258 N. W. 129. In a case in which a jury has been waived, the judgment must be supported by the court's findings and conclusions, unless the findings have been waived in the manner provided by statute. Central Loan & Investment Co. v. Loiseau, 59 S. D. 255, 239 N. W. 487. The defendant, not having so waived, was entitled to findings upon

all material issues. The court in its order recites that it considered all the evidence, but the legal effect of such recital will not support a judgment.

The order appealed from is therefore reversed and the cause is remanded to the trial court, with directions to proceed in conformity with the views herein stated.

RUDOLPH, P. J., and WARREN and SMITH, JJ., concur.
POLLEY, J., dissents.