WEBER, Respondent v. REIHSEN MERCANTILE
CORPORATION et al., Appellants

(92 N.W.2d 154)

(File No. 9717. Opinion filed September 18, 1958)

**Howard B. Crandall,** Sioux Falls, for Appellants.
**Paul O. Kretschmar,** Eureka, for Respondent.

ROBERTS, J. This is a workmen's compensation proceeding. Respondent, Frederick E. Weber, was an employee of the Reihsen Mercantile Corporation. Sunshine Mutual Insurance Company was the insurer for the employer.

On January 27, 1955, while respondent was assisting in erecting a TV antenna on the roof of a building, he slipped and fell on his back. He continued to work until January 31, 1955, when he received medical treatment and was in the hospital for three days. The charges for medical and hospital services were paid by the insurer. The ability of the respondent to work and earn wages was not impaired and he continued to work from February 3, 1955, to February 13, 1956, when respondent was hospitalized and an excision of an infected pilonidal cyst was performed. Claim was not filed with the Industrial Commissioner until September 24, 1956, which was twenty months and twenty-seven days after the accident.

After hearing, the Industrial Commissioner made a finding that the infected pilonidal cyst resulted from the accident in January, 1955, and made an award in the sum of $376 for surgical and hospital services rendered in February, 1956. On appeal to the Circuit Court of McPherson County, the court adopted substantially as its own findings of fact those made by the Industrial Commissioner and entered judgment affirming in effect the award from which the employer and insurer appeal.

Appellants contend that respondent cannot recover because no claim for compensation was filed with the Industrial Commissioner within one year after injury or within eighteen months after respondent returned to work. SDC 64.0611 provides: "The right to compensation under this title shall be forever barred unless within one year after the injury, or if death results therefrom, within one

year after such death, a claim for compensation thereunder shall be filed with the Industrial Commissioner." SDC 64.0403(3) contains the following provisions with regard to filing of claims for compensation: "If, after the injury has been sustained, the employee as a result thereof becomes partially incapacitated from pursuing his usual and customary line of employment, he shall * * * receive compensation * * * equal to one-half of the difference between the average amount which he earned before the accident, and the average amount which he is earning or is able to earn in some suitable employment or business after the accident. Return by the employee to the employment of the employer in whose service he was injured shall not bar his claim for compensation under this subdivision, if notice of such claim is filed with the Commissioner within eighteen months after such return to such employment."

The conceded effect of these statutory requirements is that the making of a claim for compensation within the time fixed is a condition precedent to the right to maintain such a proceeding. Jonke v. Northern States Power Company, 60 S.D. 620, 245 N.W. 471; Wilcox v. John Morrell & Co., 69 S.D. 488, 12 N.W.2d 15. It will be observed that the statute requires the filing of a claim within one year "after injury" and not from the time of the accident. "Injury" as used in and covered by the compensation act means an accidental injury "arising out of and in the course of the employment". SDC 64.0102(4). We have held that when the compensation act speaks of an injury it refers to a compensable injury. Pirrung v. American News Company, 75 S.D. 444, 67 N.W.2d 748. In Esposito v. Marlin-Rockwell Corporation, 96 Conn. 414, 114 A. 92, 94, it is said: "A compensable injury is an injury for which compensation is payable, and the date of such an injury is not the time of the accident or occurrence causing injury, but the time * * * when the right to compensation accrues." It is not uncommon for a workman to sustain an injury which is latent and does not become apparent until some time after the occurrence of the accident which caused it. In such a case, the time

for filing claim is computable from the time a compensable injury results. Hustus' Case, 123 Me.428, 123 A. 514; Acme Body Works v. Koepsel, 204 Wis. 493, 234 N.W. 756, 236 N.W. 378; Stolp v. Department of Labor & Industries, 138 Wash. 685, 245 P. 20; Balow v. Kellogg Cooperative Creamery Association, 248 Minn. 20, 78 N.W.2d 430; see also Annotation in 108 A.L.R. 316. We think that the facts in this proceeding are within the rule and that the claim filed was within the statutory period of one year.

█ Appellants contend that the Industrial Commissioner was not justified in making an award for medical, surgical and hospital expenses incurred in February, 1956. SDC Supp. 64.0401 provides, in part, as follows: "The employer shall provide necessary first aid, medical, surgical, and hospital services, * * * and shall furnish such care for a period of not longer than twenty weeks". When first enacted this section contained a limitation of four weeks. Chap. 376, § 24(a), Laws 1917. The legislature by successive amendments has extended the time. The period was extended to twenty weeks by Chap. 468, Laws 1951. The statute provides for payment of medical, surgical and hospital expenses by the employer in addition to other compensation provided in the act, but not for a longer period than that specified. Appellants construe the statute to mean that the limitation of twenty weeks commences to run when the accident occurs. Reliance is placed upon Commonwealth of Virginia Division of Military Affairs v. Granger, 188 Va. 502, 50 S.E.2d 390, and upon other decisions construing statutes fixing limitations on the time during which an employer must furnish or pay for medical, hospital and similar expenses. These decisions, we think, because of dissimilar statutes, are distinguishable. 99 C.J.S. Workmen's Compensation § 272. The question is one of interpretation of our compensation act. The statute refers only to the duration of medical and hospital care and not to the commencement of the period of such care. We conclude that the award was made within the terms of the statute.

Judgment appealed from is affirmed.

All the Judges concur.