ACKERMAN, Respondent v. BURGARD, Appellant

(109 N.W.2d 10)

(File Nos. 9883, 9884. Opinion filed April 25, 1961)

**Maynes & Myers,** Aberdeen, **Blaine Simons,** Sioux Falls, for Defendant-Appellant.

**H. I. King,** Aberdeen, for Plaintiffs-Respondents.

HANSON, J. In these two actions which have been consolidated for purposes of appeal the plaintiffs, Frank J. Ackerman and Frances A. Ackerman, are husband and wife. The trial court rendered default judgments in favor of each plaintiff in separate actions for damages against the defendant, Nick Burgard, doing business as Burgard and Sons. Defendant has appealed from orders denying motions to vacate such judgments. Only case No. 9884, wherein Frank J. Ackerman is plaintiff, has been briefed by counsel. To avoid needless repetition we will follow the same

pattern in this opinion as both cases involve the same issue.

The defendant Burgard is a contractor engaged in the installation of sewer and water mains. He resides and conducts his business in and near the City of Aberdeen, South Dakota. He elected to come within the provisions of the South Dakota Workmen's Compensation Law and procured a workmen's compensation policy from the Gorder Insurance Agency in Aberdeen. The policy was issued by the Western Surety Company of Sioux Falls and covered defendant's employees from May 19, 1957 to May 19, 1958.

The plaintiff, Frank J. Ackerman, also a resident of Aberdeen, was employed by defendant as a laborer. In May or June 1957 plaintiff went to Adams, North Dakota to work on one of defendant's projects. On June 28, 1957 he was injured by an accident arising out of and in the course of his employment. On July 5, 1957 defendant made a written report of the injury to the Western Surety Company through its agent, the Gorder Ins. Agency of Aberdeen. Defendant also filed a supplemental report on November 9, 1957, a copy of which was sent to the South Dakota Industrial Commissioner. Plaintiff wrote a letter to the South Dakota Industrial Commissioner on July 24, 1957 requesting information concerning his claim.

On August 1, 1957 the Western Surety Company wrote the following letter to plaintiff and sent copies to defendant, the Gorder Insurance Agency, plaintiff's doctor, the hospital where plaintiff had been confined, and the South Dakota Industrial Commissioner:

"Dear Mr. Ackerman:

"Your employer, John Burgard, reported your injury that occurred at Adams, North Dakota, on June 28th under his South Dakota Workmen's Compensation policy of which we are the carrier.

"It has now been found that this claim should have been reported under his North Dakota policy as you were working in North Dakota at the time and it would not apply to our policy which only governs South Dakota operations. It is, therefore, necessary for us to decline liability and believe you are corresponding with the North Dakota Workmen's Compensation Bureau and will receive benefits from them accordingly.

"We wanted you to know that we can not help you with this matter but should you have any questions, please feel free to contact us accordingly."

Defendant had no other compensation coverage and plaintiff's application for compensation in North Dakota was denied. On December 5, 1957, the Western Surety Company sent a draft to the Gorder Insurance Agency payable to Frank J. Ackerman in the amount of $89.51 in payment of hospital and doctor bills. Plaintiff refused to accept such check. The record also shows that between August 1, 1957 and March 10, 1959 there was considerable correspondence regarding plaintiff's claim. This correspondence was largely between plaintiff's counsel and the Western Surety Company in which defendant did not participate.

Defendant was served with a summons in the present common-law action for damages on March 10, 1959. The complaint was never served. Defendant delivered the summons to the Gorder Insurance Agency on the day it was served. R. F. Gorder advised him that his compensation carrier would take care of the matter. From time to time thereafter defendant inquired of the Gorder Insurance Agency and was repeatedly assured the matter was being taken care of by the Western Surety Company and his interests would be protected. Defendant received no further notice and heard nothing further until he read an account in the Aberdeen American News that judgment had been

taken against him on December 21, 1959. He immediately consulted counsel and commenced proceedings to have the judgment vacated and set aside. After reviewing defendant's proposed answer and affidavits of merits the trial court refused relief for the following reasons: (1) defendant was not free from neglect, (2) defendant was estopped to claim he carried workmen's compensation insurance covering plaintiff's injury, and (3) to set aside the judgment would substantially prejudice plaintiff. The question on appeal is whether the trial court abused its discretion in denying defendant's motion.

██ ██ Defendant seeks relief under SDC 33.0108 which, in part, provides that "The court may * * * in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect * * *." The general purport of this statute is well stated in the early case of Griswold Linseed Oil Co. v. Lee, 1 S.D. 531, 47 N.W. 955, 957, as follows: "The provisions of this section are exceedingly liberal in their terms, remedial in their character, and were evidently designed to afford parties a simple, speedy, and efficient relief in a most worthy class of cases. The power thus conferred upon courts to relieve parties from judgments taken against them by reason of their mistake, inadvertence, surprise, or excusable neglect should be exercised by them in the same liberal spirit in which the section was designed, in furtherance of justice and in order that cases may be tried and disposed of upon their merits. When, therefore, a party makes a showing of such mistake, inadvertence, surprise, or excusable neglect, applies promptly for relief, after he has notice of the judgment, shows by his affidavit of merits that prima facie he has a defense, and that he makes the application in good faith, a court should not hesitate to set aside the default, and allow him to serve an answer upon such terms as may be just under all the circumstances of the case."

Applications for such relief are addressed to the sound judicial discretion of the trial court and in the absence of an abuse thereof its determination will not be disturbed on appeal. However, this court is more inclined to reverse an order denying a motion to vacate a default judgment which forecloses trial on the merits than an order vacating such a judgment and allowing trial on the merits. Ingalls v. Arbeiter, 72 S.D. 488, 36 N.W.2d 669.

■ This court has reviewed numerous comparable applications for relief from default judgments entered by reason of the act or omission of the defendant's attorneys. The rule is now well established in those cases that the mistake or negligence of an attorney will not be imputed to the client as a bar to relief where (1) the act or omission of the attorney is excusable or (2) the defendant himself is free from neglect in the matter. Smith v. Wordeman, 59 S.D. 368, 240 N.W. 325; W.B. Foshay Co. v. Springfield Light & Power Co., 49 S.D. 92, 206 N.W. 239; Johnson v. German, 44 S.D. 407, 184 N.W. 232; Sayer v. Lee, 40 S.D. 170, 166 N.W. 635; Fisk v. Hicks, 29 S. D. 399, 137 N. W. 424; Jay v. Stockwell, 25 S.D. 142, 125 N. W. 569; and Searles v. Christensen, 5 S.D. 650, 60 N.W. 29.

■ Similarly, "when a judgment has been rendered against a defendant who is in default because another person upon whom he has relied to attend to the defense for him has neglected to do so, the default judgment will be opened or set aside in the sound discretion of the court on the ground of excusable neglect." Annotation 16 A.L.R.2d 1139. This general rule has been liberally applied in cases where judgment was taken against an insured who relied upon his insurer to appear and defend for him. Sempier v. Goemann, 165 Wis. 103, 161 N.W. 354; Busser v. Noble, 8 Ill.App.2d 268, 131 N.E.2d 637; Hinz v. Northland Milk & Ice Cream Co., 237 Minn. 28, 53 N.W.2d 454; and Johnson v. McIntyre, 80 Idaho 135, 326 P.2d 989.

■ In the present action it would seem that defendant acted as an ordinary prudent person. He promptly delivered the summons to the agent for his compensation

insurance carrier. The Gorder Insurance Agency, in turn, promptly forwarded the summons to the Western Surety Company. For some unexplained reason the insurer failed to answer, appear, or defend the action against defendant as it was obligated to do by contract. Defendant made numerous inquiries of the Gorder Insurance Agency and was assured repeatedly his insurer was taking care of the matter and his interests would be protected. When defendant learned of the judgment he moved to be relieved of default without delay. Under the circumstances, defendant was justified in relying upon his insurer to answer or appear for him and should be at least conditionally relieved of default unless substantial prejudice would result to plaintiff.

In this regard, defendant alleges in his proposed answer in effect that plaintiff's exclusive remedy for relief is under the South Dakota Workmen's Compensation Act. However, in the lower court he also contended that plaintiff's right to compensation under such Act was barred by failure to file a claim thereunder within one year after the injury. See SDC 64.0611 and Weber v. Reihsen Mercantile Corp., 77 S.D. 377, 92 N.W.2d 154. Defendant and his insurer have apparently receded from that contention which would leave plaintiff without remedy if the judgments were set aside. From the present record, including the briefs and admissions of counsel made in this court, it would appear that plaintiff's rights under the South Dakota Workmen's Compensation Act could have been, and can still be, adjudicated and determined by the Industrial Commissioner. It would further appear that such record and admissions should also estop defendant and his insurer from claiming otherwise.

Accordingly, in fairness to both parties, the trial court is directed to modify the orders appealed from by suitable provisions which will allow the judgments to stand as security or indemnity to plaintiffs pending final adjudication of plaintiff's rights under the South Dakota Workmen's Compensation Act by the Industrial Commis-

sioner upon condition that within ten days after the modified orders are entered defendant and his insurance carrier file written consent to the adjudication of plaintiff's rights on the merits by the Industrial Commissioner under the South Dakota Workmen's Compensation Act, and upon such further terms as the trial court, within its discretion, may reasonably impose. For authority to impose such terms see Boshart v. National Ben. Ass'n Inc., of Mitchell, 65 S.D. 260, 273 N.W. 7; Johnson v. Dakota Nat. Bank, 49 S.D. 381, 207 N.W. 217; Parszyk v. Mach, 10 S.D. 555, 74 N.W. 1027; and Griswold Linseed Oil Co. v. Lee, 1 S.D 531, 47 N.W. 955.

As so modified the orders appealed from are affirmed.

SMITH, P. J., and ROBERTS and BIEGELMEIER, JJ., concur.

RENTTO. J. (dissenting in part).

I agree that the defendant was justified in relying upon his insurer to answer or appear and because of that I think it follows under our practice that he is entitled to be relieved of his default and permitted to file an answer, and have the issues of the tort action tried in circuit court. As I understand the opinion it does not permit him to do so. Unless this is done it seems to me that we are either ignoring that action or are anticipatively deciding it against the plaintiff on this record.

One of the defenses presented by the proposed answer is that plaintiff is barred from maintaining a tort action because his employment at the time of his injury was subject to our Workmen's Compensation Act. If that question is decided by the trial court against the plaintiff, then proceedings should be had under the Act on the same conditions and terms as are prescribed in the opinion. Accordingly, I would reverse.