**Thomas E. SUTTON, Plaintiff and Appellant,**

v.

**Carol L. SUTTON, Defendant and Appellee.**

**No. 15521.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 8, 1987.

Decided Dec. 2, 1987.

Thomas K. Wilka of Hagen & Wilka, Sioux Falls, for plaintiff and appellant.

David R. Gienapp of Arneson, Issenhuth and Gienapp, Madison, for defendant and appellee.

SABERS, Justice.

Thomas Sutton appeals claiming the trial court abused its discretion in opening the final judgment of divorce and in amending the original property division.

*Facts*

Tom and Carol were married on January 22, 1971. They have two minor children. During the marriage, Carol went to college and earned a nursing degree. Thereafter, she was employed by the Veterans Administration Hospital in Sioux Falls where her

annual salary was $24,000. Tom was employed as a custodian by the Sioux Falls School District at $16,000 per year. He also earned $2,000 per year as a member of the National Guard. As a tax shelter for their combined incomes, Tom and Carol acquired three houses in Egan, South Dakota and two rental properties in Sioux Falls. At the time of the divorce, the three houses in Egan were being sold on contracts for deed.

In March of 1984, Tom became aware that Carol was having an affair with another VA employee. In May 1984, Carol moved out of the marital residence. Tom filed for divorce in July. In July or August, Tom damaged a car owned by Carol's boyfriend and was charged with felony damage to property. Tom pled guilty to a misdemeanor charge and made restitution. From May 1984 through February 1985, the children continued to reside in the home with Tom.[1]

This case was tried on February 22, 1985. According to the record, the trial court delayed a decision on custody of the two children. Carol was to live in the marital residence during the month of March for the purpose of doing a home study. In April Tom was to return to the marital residence for a home study. Tom contends that Carol's attorney failed to submit the required proposed order for a home study and, therefore, no home study was made in March. On April 2, 1985, the trial court ordered the home studies to be completed. Carol moved to Minneapolis in May of 1985.[2] Carol's trial attorney took a vacation from mid-June through July 4th, 1985. According to the attorney's affidavit,[3] Carol called the attorney's office and advised office personnel of her new address and phone number in Minneapolis. The information was placed in Carol's file where it "became covered with other documents."

Upon her return, Carol's attorney attempted to contact Carol by mail at her old address for instructions on how to respond to a proposed decision, but she received no response from Carol. It can be presumed that either the mail was not forwarded, was lost or Carol failed to respond.

The court issued a memorandum opinion on August 22, 1985, after being urged twice by Tom's attorney to make a decision. Tom submitted findings of fact and conclusions of law on September 23, 1985, which were signed with a final decree by the court on October 2, 1985. Notice of entry of judgment was served on Carol's attorney on October 9, 1985, and no appeal was taken within the time for appeal.

On November 6, 1985, Carol moved the trial court to open the judgment. Tom opposed the motion. On January 16, 1986, the court ordered the case opened, and the court issued an amended decree on April 21, 1986. Under the amended property division, Tom was to receive all of Carol's rental real property and pay Carol $15,000 plus 10% interest within one year of the graduation or emancipation of the youngest child.

### THE TRIAL COURT ERRED IN OPENING THE PROPERTY PORTION OF THE ORIGINAL DECREE OF DIVORCE.

Both parties agree that Carol's motion to modify the original decree was treated as a motion pursuant to SDCL 15-6-60(b)(1), which states in part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) Mistake, inadvertence, surprise, or excusable neglect; ...

---

1. Prior to trial, Tom requested that Carol pay child support of $400 per month because of her higher income. Carol proposed $300 per month. The trial court set temporary child support at $300 per month, and later confirmed that amount in the original decree. This portion of the decree was undisturbed by the later amendment. In February 1987, Tom appointed the Department of Social Services to collect child support. The DSS has filed a complaint against Carol seeking current child support of $590 per month.

2. Carol currently resides in Phoenix, Arizona.

3. Counsel on appeal is not the same attorney who represented Carol at the trial below.

Carol relies on "excusable neglect" as the basis for her motion to open.

The terms, 'mistake,' 'inadvertence,' 'surprise,' and 'excusable neglect' as used in SDCL 15–6–60(b)(1) have no fixed meaning; the question must be determined from the facts and circumstances presented by each case. [citation omitted]

*Rogers v. Rogers,* 351 N.W.2d 129, 131 (S.D.1984). There seems to be no question that neglect occurred in this case. The trial court found it to be excusable. This court has said: "[T]he mistake or negligence of an attorney will not be imputed to the client as a bar to relief where (1) the act or omission of the attorney is excusable or (2) the [party] [her]self is free from neglect in the matter. (citations omitted)" *Ackerman v. Burgard,* 79 S.D. 119,124, 109 N.W.2d 10, 12 (1961). It is not clear here whether Carol herself was free from neglect. However, *Ackerman* indicates another requirement under SDCL 15–6–60(b)(1)—that the party show by affidavit that he has a prima facie defense. *Id. See also Midcontinent Broadcasting Co. v. AVA Corp.,* 329 N.W.2d 378, 380 (S.D. 1983).

Carol argued in her motion and affidavits that the trial court did not have a complete record before it when it entered the original decree. This is correct as to the issue of child custody. The trial court had specifically held in abeyance its decision on custody until home studies on both parties were complete. Those studies had not been submitted to the trial court when it entered its memorandum opinion. However, the custody issue is not on appeal before this court.[4]

We cannot determine from the record whether the court at the trial on February 22, 1985 indicated that further evidence was necessary to decide upon a property division.[5] This is because there is no transcript of the trial in the record. Because the record is silent, we cannot presume that the trial court delayed its original decision for any reason other than the reason which does appear on the record—custody.

▆ Carol argues that she had no opportunity to dispute the property division proposed by Tom. This is true in that she was not aware of the proposed property division until after the original decree was entered. However, based on the record as it appears, the trial court had all the information necessary to make a determination as to property prior to the October decree. The principal factors to be considered by the trial court in making a property division are: the length of the marriage; the age and health of the parties; their individual ability to earn a living; the contribution of each party to the accumulation of the property; and the income producing capacity of the parties' assets. *Cole v. Cole,* 384 N.W.2d 312 (S.D.1986). Carol had no information pertaining to any of these factors which had not been given to the court prior to her move in May 1985. The only new information before the court (as to property division) on Carol's motion to open was her change of residence and the consequent inconvenience of managing or selling the property awarded her. Had this argument been presented prior to the original decree, there would have been nothing to prevent the trial court from considering it. However, Carol's change of residence does not materially affect any of the principal factors noted above.

▆ The excusable neglect which occurred in this case did not have any substantial effect upon the decision rendered in the original decree. Unless such neglect

---

4. The trial court did not alter the original custody decision other than to provide explicit directions as to visitation by Carol.

5. Carol's affidavit claims that a trial exhibit showing all the marital property, its market value, encumbrances, and equity value was not complete at trial. She contends that the court was not apprised of the amount of the first mortgage on one of the houses in Egan. Tom directs this court's attention to this exhibit as it appears in the court record. The exhibit in the record shows that the amount of the first mortgage was typed on the exhibit and the amount of the second mortgage was written in. Whether or not this was done at trial cannot be determined without either the transcript or some other evidence. Nevertheless, the exhibit in the record is complete.

prevented the presentation of facts which would materially affect one of the principal factors, it should not be considered as good cause for opening a final and valid property determination. These circumstances do not justify opening the final judgment under SDCL 15–6–60(b)(1).

We need not address the merits of the amended property division because we reverse on the first issue. Accordingly, we remand to the trial court to reinstate the property determination in the original decree.

Tom has filed a separate motion for attorney fees, tax and costs. It is itemized and verified as required by *Malcolm v. Malcolm*, 365 N.W.2d 863 (S.D.1985). After consideration of the appropriate factors, *Storm v. Storm*, 400 N.W.2d 457 (S.D.1987), we award Tom $1,100 in attorney fees plus $400 tax and costs, for a total of $1,500.

All the Justices concur.